UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUISA CASTAGNA ESPOSITO,

                    Plaintiff,

          -against-

WILLIE GARY, individually, and as a partner
of Williams, Parenti, Watson, Gary;
CHRISTOPHER CHESTNUT, individually and
as a partner of the Chesnut Firm; ANDREW
MALONEY, individually, and as a partner of
the Maloney Law Group; and JANE and JOHN
DOES, et al.,

                    Defendants.

18-CV-11245 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, appearing *pro se*, invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and

1332, asserting legal malpractice claims arising out of Defendants' representation of her in a tort

case she brought in the New York Supreme Court. By order dated March 25, 2019, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For

the reasons set forth below, the Court directs Plaintiff to show cause, within thirty days of the

date of this order, why this action should not be dismissed for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

          The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

## BACKGROUND

Plaintiff, a resident of West Hempstead, New York, brings legal malpractice claims

against her former attorneys –Willie Gary, Christopher Chestnut, and Andrew Maloney –for their

allegedly inadequate representation of her in a state-court tort case against her former attorney,

Allen H. Isaac. The following facts are taken from the complaint: in 2005, Isaac sexually

harassed and assaulted her, but when she reported his criminal conduct to various law

enforcement agencies, it soon became clear that he was "well connected politically" and was

essentially "above the law."[1] (ECF No. 2 at 5 ¶ 12.)[2] Eight years later, Plaintiff retained Gary,

Chestnut, Maloney, and the Maloney Law Group to represent her in a state-court action against

Isaac, but "soon found herself in a nightmarish situation." (*Id.* ¶ 13.)

---

[1] Plaintiff has previously filed in this Court a complaint under 42 U.S.C. § 1983 and state law, asserting that various state agencies engaged in a conspiracy to violate her rights by ignoring her claims that Isaac sexually assaulted and harassed her. The Court dismissed Plaintiff's complaint on various jurisdictional grounds. *See Esposito v. State of New York*, No. 07-CV-11612 (SAS), 2008 WL 3523910, at *122-13 (S.D.N.Y. Aug. 8, 2008), *aff'd*, 355 Fed. App'x 511 (2d Cir. 2009). The Court has also denied Plaintiff's subsequent motions seeking reconsideration and to reopen the case. *See Esposito v. State of New York*, No. 07-CV-11612 (SAS), 2008 WL 9419363 (S.D.N.Y. Aug. 28, 2008); *Esposito v. State of New York*, No. 07-CV-11612 (SAS), 2010 WL 4261396, *aff'd*, 453 Fed. App'x 37 (2d Cir. 2011); *Esposito v. State of New York*, No. 07-CV-11612 (SAS), 2012 WL 5499882 (S.D.N.Y. Nov. 13, 2012); *Esposito v. State of New York*, No. 07-CV-11612 (DLC), 2016 WL 2770540, *aff'd*, 698 Fed. App'x 624 (2d Cir. 2017).

[2] Citations to the complaint refer to the pagination generated by the Court's electronic case filing system (ECF).

Gary initially insisted that a video be made and a press conference held to bring Plaintiff's case to the public's attention, but Gary later changed his mind after the video was made. As time went on, Plaintiff realized that "something fishy was going on"; it seemed that Gary was attempting to protect Isaac and his law firm and "had concocted and led a conspiracy" involving Chestnut and Maloney to "sabotage" Plaintiff's case. (*Id*. at 6 ¶ 14.) After Isaac filed a motion for summary judgment in the state-court action, Gary and Maloney failed to prepare for the motion, and even when Plaintiff provided them with caselaw to support arguments in their opposition papers, Gary and Maloney failed to present "crucial evidence" and left out transcripts that would help Plaintiff win the case. (*Id*. ¶ 15.)

Over several months in 2015, Plaintiff came to the realization that "Gary was trying to completely derail and bury her case." (*Id*. ¶ 16.) He failed to return her phone calls or answer her emails, made excuses for mishandling matters in her case, fabricated meetings that were eventually postponed, staged mediation meetings, and refused to demand or prepare for a jury trial. In addition, whenever Plaintiff attended a court hearing or conference, there was never a stenographer present. Observers interested in Plaintiff's case became convinced that Defendants had "defrauded" her. (*Id*. at 7 ¶ 17.)

Plaintiff brings this action alleging that Defendants conspired against her to sabotage her state-court case. She brings conspiracy claims against Defendants under 42 U.S.C. § 1983, and asserts state-law claims of breach of contract, breach of fiduciary duty, negligence, legal malpractice, dishonesty and incompetence, and grand larceny and conspiracy to defraud. In addition to seeking monetary damages, Plaintiff wants to find out what happened to the case, whether it was settled behind her back without her consent or knowledge.

**DISCUSSION**

**A.      Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

initiative . . . .").

**1.      Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff purports to bring conspiracy claims under 42 U.S.C. § 1983, asserting that Defendants conspired to deprive her of her constitutional right to a fair trial, to due process, and to seek redress for Isaac's unlawful conduct. Generally, § 1983 allows a party to bring suit against persons who, acting under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws of the United States." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). A private person can qualify as a state actor under § 1983 if the link between the state action and the private person's action is so close that the private person's action "may be fairly treated as that of the State itself." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Here, Plaintiff does not allege any facts suggesting that any of the defendants are state actors subject to suit under § 1983 for alleged constitutional violations. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a party by private counsel in state-court does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)). Because Defendants are private parties who do not work for any state or other government body, a valid § 1983 claim is not presented.

## 2. Diversity Jurisdiction

Plaintiff also does not allege facts suggesting that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff fails to meet her burden of showing that this Court has diversity jurisdiction over her legal malpractice and other state-law claims. Plaintiff alleges that she resides in the State of New York, Gary resides in the State of Florida, Chestnut resides in the State of Georgia, and Maloney also resides in the State of New York. Plaintiff does not allege where any of the John Doe defendants resides. Plaintiff's assertion that she and Maloney reside in New York, presumably where both of them are domiciled, *see Palazzo*, 232 F.3d at 42 ("At any given time, a person has but one domicile."), precludes complete diversity of citizenship.

## B. Order to Show Cause

Based on the forgoing, the Court lacks subject matter jurisdiction over this action. But in an abundance of caution and in light of Plaintiff's *pro se* status, the Court directs Plaintiff to show cause, within thirty days from the date of this order, why the Court should not dismiss this action for lack of subject matter jurisdiction. If Plaintiff fails to timely respond to this order, or if her response fails to address the deficiencies in this order, the matter will be dismissed without

prejudice for lack of subject matter jurisdiction. *See Hernandez v. Conriv Realty Assocs.*, 182

F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the

power to dismiss with prejudice.").

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, electronically transmit

this order to Plaintiff, and note service on the docket. The Court directs Plaintiff to show cause,

within thirty days of the date of this order, why this action should not be dismissed for lack of

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A declaration form is attached to this

order. The Clerk of Court is further directed to terminate all other pending matters.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of

Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 15, 2019
        New York, New York

                                        COLLEEN McMAHON
                            Chief United States District Judge

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)            Signature

Name              Prison Identification # (if incarcerated)

Address      City    State  Zip Code

Telephone Number (if available)    E-mail Address (if available)