UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| LUISA CASTAGNA ESPOSITO,<br><br>                              Plaintiff,<br><br>          v.<br><br>CHRISTOPHER CHESTNUT, individually and as a partner of CHESTNUT, L.L.P., and WILLIE GARY, individually and as a partner of WILLIAMS, PARENTI, LEWIS & WATSON LLC,<br><br>                              Defendants. | <u>**ORDER**</u><br><br>18 Civ. 11245 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

       <u>Pro se</u> Plaintiff Luisa Castagna Esposito has sued Defendants Christopher

Chestnut and Willie Gary in their individual capacities and as partners of their respective law

firms, Chestnut, L.L.P. and Williams, Parenti, Lewis, & Watson LLC.[1]  Chestnut and Gary

represented Esposito in a civil "sexual assault and battery case" that she brought against another

lawyer – non-party Allen Isaac – in New York state court in 2008 (the "<u>Isaac</u> case").  (Am.

Cmplt. (Dkt. No. 8) ¶ 1)

       Isaac represented Esposito in a personal injury automobile accident case that she

brought in 2002, and Esposito claimed that, during that representation, Isaac had "sexually

molested [her] by grabbing her breast inside her bra and her buttocks."  (<u>Id.</u> ¶¶ 15, 17)  In August

2015, after seven years of litigation, defendants in the <u>Isaac</u> case were granted summary

judgment and Esposito's case was dismissed.  (Aug. 11, 2015 N.Y.C. Civ. Ct. Order (Dkt. No.

---

[1]  It appears that the current name of Gary's law firm is Gary, Williams, Parenti, Watson and Gary, P.L.L.C.  <u>See</u> <u>Willie Gary</u>, GARYLAWGROUP.COM, https://www.garylawgroup.com/team-member/willie-gary.

24-5))  In the instant case, Esposito claims that Defendants Chestnut and Gary committed legal malpractice in representing her in the Isaac case.

Esposito commenced the instant action on December 3, 2018.  (Dkt. No. 1)  The Amended Complaint asserts (1) breach of contract; (2) breach of fiduciary duty; (3) negligence; (4) legal malpractice; (5) "dishonesty and incompetence"; and (6) "alleged grand larceny conspiracy to defraud."  (Am. Cmplt. (Dkt. No. 8) ¶¶ 64-79)  Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that (1) Esposito's amendment of her complaint violates Fed. R. Civ. P. 15; (2) service of the initial pleadings was untimely under Fed. R. Civ. P. 4(m); (3) Esposito's claims are barred by the applicable three-year statute of limitations; and (4) the Amended Complaint fails to state a claim upon which relief may be granted.  (Gary Br. (Dkt. No. 25); Chestnut Br. (Dkt. No. 41))

On December 10, 2019, the Court referred Defendants' motions to Magistrate Judge Ona Wang for a Report and Recommendation ("R&R").  (Order (Dkt. No. 43))  On April 20, 2020, Judge Wang issued an R&R in which she rejects Defendants' improper amendment, untimely service, and statute of limitations arguments, but recommends that the Amended Complaint be dismissed for failure to state a claim.  (R&R (Dkt. No. 49))  Both sides submitted objections to the R&R.  (Pltf. Obj. (Dkt. No. 50); Def. Obj. (Dkt. No. 55))  For the reasons stated below, Judge Wang's R&R will be adopted in part, and the Amended Complaint will be dismissed as time-barred.

## BACKGROUND

I.   FACTS

A.   Esposito's Personal Injury Case and Sexual Assault

Esposito retained the law firm of Pollack, Pollack, Isaac & Decicco, LLP ("Pollack") to represent her in a lawsuit arising out of injuries that she suffered in a 2002 car accident.  (Aug. 11, 2015 N.Y.C. Civ. Ct. Order (Dkt. No. 24-5) at 3[2]; Am. Cmplt. (Dkt. No. 8) ¶ 15)  As the trial date approached, Brian Isaac – a Pollack partner – told Esposito that his father, Allen Isaac ("Isaac"), would serve as trial counsel.  (Aug. 11, 2015 N.Y.C. Civ. Ct. Order (Dkt. No. 24-5) at 3)  In 2005, Esposito met with Isaac several times to prepare for trial.  (Id.)  During these meetings, Isaac "sexually molested [Esposito] by grabbing her breast inside her bra and her buttocks."  (Am. Cmplt. (Dkt. No. 8) ¶ 17)  Isaac also "cajoled [Esposito] to repeatedly perform oral sex on him as partial payment for" his legal services; "requested that [Esposito] send him provocative photos"; and "demanded that [Esposito] try on clothing in front of him."  (Id. ¶¶ 19-22)  Esposito reported Isaac's conduct to law enforcement, but Isaac was never arrested or criminally prosecuted.  (Id. ¶¶ 25, 28)

B.   The Isaac Case

On December 26, 2008, Esposito filed a civil "sexual assault and battery" lawsuit against Isaac in New York County Civil Court.  (Id. ¶ 1; Aug. 11, 2015 N.Y. Civ. Ct. Order (Dkt. No. 24-5) at 3)  Esposito named as defendants Isaac, Isaac's law firm (Gladstein & Isaac),

---

[2]  Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.  The Court takes judicial notice of filings from prior state cases.  See Johnson v. Pugh, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) ("A court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudications, on a motion pursuant to Rule 12(b)(6).") (citing Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000)).

Harvey Gladstein – Isaac's partner – and Pollack.  (Aug. 11, 2015 N.Y. Civ. Ct. Order (Dkt. No. 24-5) at 2-3)  Esposito's claims against Isaac were dismissed as of 2009[3] because he was not properly served.  (Id. at 3 ("During the course of this litigation, because plaintiff failed to properly serve Isaac, the causes of action against Isaac personally were dismissed."); Esposito v. Isaac, 68 A.D.3d 483 (1st Dep't 2009) (upholding dismissal of claims against Isaac).  At some unknown time, Esposito's claims against Pollack were dismissed because of Esposito's failure to fulfill discovery obligations.  (Aug. 11, 2015 N.Y. Civ. Ct. Order (Dkt. No. 24-5) at 3 ("[B]ecause plaintiff failed, on numerous occasions, to properly respond to discovery demands and court orders related to discovery, plaintiff's causes of action against the Pollack [firm] . . . were also dismissed."))

In August 2013, Esposito retained Defendants Gary and Chestnut, and another lawyer, Andrew Maloney, to represent her in the Isaac case.[4]  (Am. Cmplt. (Dkt. No. 8) ¶ 30)  Gary was the lead lawyer, and Chestnut and Maloney served as his "minions."  (Id. ¶ 47)  According to Esposito, Gary displayed "bravado" and made "promises about getting success" in her case.  (Id. ¶ 41)  Gary told Esposito that he planned to hold a press conference and create a video about her case to attract press coverage, and would pressure the remaining defendants to settle.  (Id. ¶ 44)  Gary created the video, but never made it public, and he never held a press conference.  (Id. ¶ 46)  In October 2013, Defendants made a $25 million demand on Esposito's behalf.[5]  (Id. ¶ 56)

---

[3]  As Judge Wang notes, "specific dates" on which key events occurred are often "unclear due to the parties' poor submissions."  (R&R (Dkt. No. 49) at 3)

[4]  It is not clear whether Esposito was represented or was pro se in the early years of the Isaac case.  (R&R (Dkt. No. 49) at 3)

[5]  Without explanation, Esposito asserts that Defendants "settled" the Isaac case "without her knowledge or permission."  (Am. Cmplt. (Dkt. No. 8) ¶ 55)  As discussed herein, however,

In 2013, the remaining defendants in the <u>Isaac</u> case – Gladstein & Isaac and Isaac's partner Gladstein – moved for summary judgment.  (<u>Id.</u> ¶ 49)  In opposing that motion, Gary and Chestnut "failed to perform ordinary reasonable practice standards by" not finding "case law to support their arguments" and failing to "submit crucial evidence in their opposition papers."  (<u>Id.</u> ¶¶ 49-50)

On August 11, 2015, Judge David Cohen of the New York County Civil Court granted defendants' motion for summary judgment, and Esposito's remaining claims in the <u>Isaac</u> case were dismissed.  (Aug. 11, 2015 N.Y. Civ. Ct. Order (Dkt. No. 24-5))  Judge Cohen reasoned that Isaac's alleged misconduct could not be attributed to his law firm Gladstein & Isaac, and that Isaac's partner Gladstein had no duty to supervise Isaac, and therefore could not be held liable for Isaac's misconduct.  (<u>Id.</u> at 4-9)

"Over the summer months and continuing into the Fall of 2015," Esposito became "flabbergasted as she came to the realization that Gary was trying to completely derail and bury her case."  (Am. Cmplt. (Dkt. No. 8) ¶ 51)  During this time, Defendants did not "return[] her phone calls or answer[] her emails."  (<u>Id.</u>)  They "conjur[ed] up all kinds of stories and excuses for a long string of incidents in mishandling her cases," "fabricat[ed] meetings," failed to involve Esposito "in staged mediation meetings," and "refus[ed] to actually demand or prepare for a jury trial."  (<u>Id.</u>)  According to Esposito, these "actions and inactions . . . make a strong case to charge the Gary team with legal malpractice and outright fraud."  (<u>Id.</u>)

Maloney authored a motion to reargue with respect to Judge Cohen's summary judgment decision, and filed papers in support of that motion on September 23, 2015.  (Mot.

---

certain of Esposito's claims were dismissed, and the court granted the remaining defendants summary judgment  (Aug. 11, 2015 N.Y.C. Civ. Ct. Order (Dkt. No. 24-5))

Reargue (Dkt. No. 51))  On October 15, 2015, Maloney appeared for a hearing, and "handled himself in a manner that screams for his disbarment."[6]  (Am. Cmplt. (Dkt. No. 8) ¶ 54)

On December 28, 2015, Edward Griffith – another attorney – emailed Defendants and Maloney to inform them that Esposito had retained him to represent her.  (Pltf. Opp. (Dkt. No. 45) at 5)[7]  Accordingly, Griffith asked Defendants and Maloney to complete a "substitution of counsel" form.  (Id.)  On January 7, 2016, Maloney emailed Judge Cohen's law secretary copies of the motion to reargue papers and "a Consent to Change Attorney Form executed by . . . Esposito with the name and address of her new attorneys."  (Id. at 6; Pltf. Opp. to Def. Obj. (Dkt. No. 57) at 3)  Maloney copied Gary and Chestnut on his email.  (Pltf. Opp. (Dkt. No. 45) at 6)

## II.   PROCEDURAL HISTORY

### A.   Service and Filing of Complaints

Esposito filed the Complaint on December 3, 2018, naming Gary, Chestnut, Maloney, and "Jane and John [D]oes" as defendants.  (Cmplt. (Dkt. No. 2))  The Complaint asserts that this "Court has jurisdiction . . . under diversity of [citizenship]."  (Id. ¶ 4)

Esposito applied to proceed in forma pauperis ("IFP"), and her application was granted on March 25, 2019.  (Dkt. Nos. 1, 4)

On April 15, 2019, Chief Judge McMahon ordered Esposito to show cause why her case should not be dismissed for lack of subject matter jurisdiction, given that Esposito and

---

[6]  Given the timing, the October 15, 2015 hearing likely concerned the motion to reargue, but the record is not entirely clear on this point.  The parties do not discuss Judge Cohen's resolution of the reargument motion, but the motion apparently did not result in relief for Esposito.  (Am. Cmplt. (Dkt. No. 8) ¶ 47 (complaining that Defendants' actions caused her case to be "dismissed"))

[7]  Given Esposito's pro se status, the Court considers facts alleged in her opposition brief.  See Mira v. Argus Media, No. 15 Civ. 9990 (RJS), 2017 WL 1184302, at *3 n.4 (S.D.N.Y. Mar. 29, 2017) ("[D]istrict courts sometimes consider new factual allegations made in a pro se plaintiff's opposition brief[]. . . .").

Maloney are both New York residents.  (Order (Dkt. No. 6))  On May 8, 2019, Esposito filed the Amended Complaint, which removes Maloney and the John and Jane Does as defendants.  (Am. Cmplt. (Dkt. No. 8))

On May 20, 2019, the case was reassigned to this Court.  The next day, this Court issued an Order of Service, which instructed the Clerk of Court to arrange for the U.S. Marshals Service to serve Gary and Chestnut given Esposito's IFP status.  (Dkt. No. 13)  A summons was issued as to both Defendants on May 22, 2019.  (See May 22, 2019 Dkt. Entry)  Gary was served on July 9, 2019.  (Dkt. No. 27)  The Marshals attempted to serve Chestnut on June 12, 2019, but were not successful.  (Dkt. No. 15)  On June 18, 2019, Esposito filed a letter that provided a new address for Chestnut (Dkt. No. 18), and the Court issued a second Order of Service three days later.  (Dkt. No. 29)  Another summons for Chestnut was issued on August 7, 2019.  (See 8/7/2019 Dkt. Entry)  The Marshals served Chestnut on October 23, 2019, at the new address. (Dkt. No. 37)

### B.   **Defendants' Motions to Dismiss**

On July 11, 2019, Gary moved to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6).  (Gary Br. (Dkt. No. 25)  Chestnut – represented by the same lawyer – filed an almost identical motion on December 9, 2019.  (Chestnut Br. (Dkt. No. 41))

Defendants argue that the Amended Complaint should be dismissed because (1) Esposito's amendment of her complaint violates Fed. R. Civ. P. 15; (2) service was untimely in violation of Fed. R. Civ. P. 4(m); (3) Esposito's claims are time-barred; and (4) the Amended Complaint fails to state a claim.  (Gary Br. (Dkt. No. 25) at 12-23; Chestnut Br. (Dkt. No. 41) at 14-24)

On December 10, 2019, this Court referred both motions to Judge Wang for an R&R.  (Dkt. No. 43)  Judge Wang issued an R&R on April 20, 2020.  (R&R (Dkt. No. 49))

### B.   **Judge Wang's R&R**

#### 1.   **Whether Esposito Properly Amended the Complaint**

Defendants contend that Esposito failed to "seek leave or consent to file an amended complaint in violation of FRCP 15."  (Gary Br. (Dkt. No. 25) at 12; Chestnut Br. (Dkt. No. 41) at 14)  Judge Wang found that Defendants' argument was premised on a "fundamental[] misunderstand[ing]" of Rule 15.  (R&R (Dkt. No. 49) at 8)

Rule 15(a)(1) states that parties may amend their pleading once as a matter of course within "'(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.'"  (Id. (quoting Fed. R. Civ. P. 15(a)(1))  Because Esposito amended the Complaint before it had even been served, Judge Wang concluded that the amendment was proper.  (Id. at 8-9)

#### 2.   **Whether Service Was Timely**

Defendants argue that the case must be dismissed because service was not completed within 90 days after initiating the action, as required by Fed. R. Civ. P. 4(m).  (Gary Br. (Dkt. No. 25) at 12; Chestnut Br. (Dkt. No. 41) at 14)  Judge Wang rejected Defendants' argument as a "misinterpret[ation] [of] the Federal Rules."  (R&R (Dkt. No. 49) at 9)

Judge Wang notes that IFP plaintiffs may rely on the Marshals Service to effect service.  (Id. (citing Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013) ("Generally, a pro se litigant proceeding in forma pauperis is entitled to rely on the U.S. Marshals Service to effect service."); 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3))  IFP plaintiffs have "'until 90 days after

the date the summons is issued'" to effect service, and if "'the complaint is not served within that

time,'" plaintiffs "'should request an extension of time for service.'"  (Id. (quoting Rodriguez v.

Koroghlian, No. 19-cv-4411 (JPO), 2020 WL 364196, at *1 (S.D.N.Y. Jan. 22, 2020)))

A summons was issued as to Gary and Chestnut on May 22, 2019.  (R&R (Dkt.

No. 49) at 10)  Gary was served on July 9, 2019, or 48 days later.  (Dkt. No. 27)  Accordingly,

Judge Wang found that Gary had been timely served.  (R&R (Dkt. No. 49) at 10)

Initial attempts to serve Chestnut were unsuccessful.  Accordingly, a second

summons for Chestnut was issued on August 7, 2019.  (Id.)  Because the Marshals served

Chestnut on October 23, 2019 – 77 days later – Judge Wang concluded that service on Chestnut

was timely.  (Id. at 10-11)

### 3.  Statute of Limitations

Defendants argue that Esposito's claims sound in legal malpractice, and that they

are barred by the three-year statute of limitations applicable to such claims.  (Gary Br. (Dkt. No.

25) at 13, 16; Chestnut Br. (Dkt. No. 41) at 15, 17-18)  Judge Wang finds that "New York law

provides a three-year statute of limitations for a legal malpractice action that 'begins when the

malpractice occurs, not when an individual discovers the malpractice or understands its full

consequences.'"  (R&R (Dkt. No. 49) at 11 (quoting Hanna v. O'Connell, No. 14-cv-7016 (RJS),

2015 WL 5223188, at *3 (S.D.N.Y. Aug. 12, 2015))  However, "the statute of limitations 'may

be deemed tolled under the theory of continuous representation until the attorney ceases

representing the client in the specific matter at issue.'"  (Id. (quoting Nobile v. Schwartz, 56 F.

App'x 525, 526 (2d Cir. 2003); also citing Shumsky, 96 N.Y.2d at 168 ("[I]n the context of a

legal malpractice action, the continuous representation doctrine tolls the Statute of Limitations

only where the continuous representation pertains specifically to the matter in which the attorney

committed the alleged malpractice.")) The continuous representation doctrine applies when there is a "'clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney which often includes an attempt by the attorney to rectify an alleged act of malpractice.'" (Id. at 11-12 (quoting Patel v. Jani, No. 12-cv-9376 (KBF), 2016 WL 3637107, at *15 (S.D.N.Y. June 30, 2016)))

Because Esposito commenced this action on December 3, 2018, the statute of limitations extends back to December 3, 2015. (Id. at 12) Although the "exact dates of Defendants' wrongful acts" are unclear, Judge Wang found that "some of the acts of malpractice allegedly 'continu[ed] into the Fall of 2015'" and that the "last court date on which [Esposito] was clearly represented by Defendants . . . was October 15, 2015."[8] (Id. (citing Am. Cmplt. (Dkt. No. 8) ¶¶ 30, 51-54))

Citing Maloney's January 7, 2016 email to Judge Cohen's law secretary – which attached papers associated with Esposito's motion to reargue and a "Consent to Change of Attorney Form" (Pltf. Opp. (Dkt. No. 45) at 6)) – Judge Wang concludes that "there appears to be a factual dispute" as to whether Esposito's claims are time-barred. (R&R (Dkt. No. 49) at 15 (citing Calcutti v. SBU, Inc., 224 F.Supp.2d 691, 699 (S.D.N.Y. 2002) ("When there is a question of fact regarding the application of the continuous representation doctrine[,] defendant's motion to dismiss based on the statute of limitations must be denied.") (citation and internal quotations omitted)).

---

[8] Maloney appeared at the October 15, 2015 hearing. As Defendants note in their objections, however, Esposito does not allege that they appeared at the hearing. (Am. Cmplt. (Dkt. No. 8) ¶ 54; Def. Obj. (Dkt. No. 55) at 6-7)

4. __Failure to State a Claim__

Defendants also argue that the Amended Complaint fails to state a claim.  (Gary

Br. (Dkt. No. 25) at 18; Chestnut Br. (Dkt. No. 41) at 19)  The Amended Complaint includes six

counts:

> Count One . . . alleges breach of contract because Defendants allegedly did not
> provide her with "proper legal representation"; Count Two alleges in conclusory
> terms that Defendants breached their fiduciary duties of good faith, loyalty, and
> due care; Count Three alleges negligence; Count Four alleges legal malpractice
> and makes unspecific and general allegations that Defendants denied Plaintiff her
> constitutional rights; Count Five alleges that Defendants were dishonest and
> incompetent because they falsely informed Plaintiff that Isaac had been dismissed
> from the [Isaac case]; and Count Six alleges "grand larceny conspiracy to defraud
> [Plaintiff]".

(R&R (Dkt. No. 49) at 15)

Judge Wang finds that Counts One, Two, and Three "amount to

allegations of malpractice by Defendants," and should be dismissed as duplicative of

Count Four.  (Id. at 16 (citing Terracciano v. McGarrity, No. 16-cv-1324, 2017 WL

2297013, at *4 (S.D.N.Y. May 24, 2017) (dismissing breach of contract claim as

duplicative of legal malpractice claim); Calcutti, 224 F. Supp. 2d at 700 ("[o]n a motion

to dismiss, a court must look to the essence of each claim and not merely the form in

which it is pleaded"; "[l]egal malpractice, as opposed to ordinary negligence, is the

appropriate cause of action to bring against an attorney who allegedly performed his/her

professional duties negligently"; "[w]hen there is no specific promise in the [retainer

agreement] that plaintiff claims defendant breached, the breach of contract claim is a

redundant pleading of a malpractice claim and should be dismissed") (internal quotations

and citations omitted)).

As to Count Four – the legal malpractice claim – Judge Wang notes that a plaintiff claiming legal malpractice under New York law must allege:  "'(1) an attorney-client relationship at the time of the alleged malpractice; (2) attorney negligence; (3) proximate causation and (4) actual damage to the client.'"  (Id. at 17 (quoting Bryant v. Silverman, 284 F.Supp.3d 458, 470 (S.D.N.Y. 2018)).

As to attorney negligence, Judge Wang finds that the Amended Complaint contains "only short and vague statements about the alleged acts or omissions of [Plaintiff's] lawyers."  (Id. at 19)  Moreover, many of the actions cited by Plaintiff appear to be "reasonable strategic decisions."  (Id.)

As to proximate cause, Judge Wang finds that Esposito's claims in the Isaac case were dismissed "for several reasons, and [Esposito] has not explained, in a non-conclusory and non-speculative manner, how her former attorneys' alleged actions caused the dismissal."  (Id. at 20)

As for damages, Judge Wang finds that "to the extent that [Esposito] claims damages for mental anguish and humiliation," such damages are "not sufficient to satisfy the damages prong for a legal malpractice claim."  (Id. at 21 (citing Galu v. Attias, 923 F. Supp. 590, 597 (S.D.N.Y. 1996) ("A plaintiff suing in malpractice [under New York law] can recover only pecuniary loss but not for mental or psychological suffering")))

Because the Amended Complaint "fails to plead facts demonstrating malpractice, proximate cause, or damages," Judge Wang recommends "that Defendants' motions to dismiss [Esposito's] legal malpractice claim[]" be granted.  (Id.)

Finally, Judge Wang concludes that Counts Five and Six – which "sound in fraud" (id. at 16, 22) – should be dismissed because Esposito has not pled fraud with

particularity, as required by Fed. R. Civ. P. 9(b).  (Id. at 22-23 (citing Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 171 (2d Cir. 2015) ("Rule 9(b) places. . . [the] burden[] on . . . plaintiffs . . . to . . . (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent.") (internal quotation marks omitted)))

Count Five makes only vague allegations of "dishonesty and incompetence." (Id.)  Count Six alleges "grand larceny and conspiracy to defraud" premised on Defendants' (1) "settl[ing] Esposito's case without her knowledge and permission"; and (2) representation that "Isaac was no longer a party" to the Isaac case.  (Id. at 23)  Judge Wang concludes that Esposito has provided "no factual support for her contention that Defendants 'settled' her case without her knowledge."  (Id.)  To the contrary, "the record shows [that] her case was dismissed by the state court and not settled."  (Id.)  As to Esposito's allegation that Defendants misled her as to Isaac's dismissal, Judge Wang notes that Isaac was, in fact, dismissed from the Isaac case as of 2009. (Id.)  Judge Wang further notes that Esposito "does not specifically identify who made the fraudulent statements or omissions, nor when and where they were made," and does not allege facts "that give rise to a strong inference of fraudulent intent."  (Id.)  As a result, Judge Wang recommends that this Court dismiss Esposito's fraud claims.

Judge Wang recommends that Esposito be given "one last chance at amendment" given her pro se status.  (R&R (Dkt. No. 49) at 2)

## C.   Objections

Both sides have objected to the R&R.  (Def. Obj. (Dkt. No. 55); Pltf. Obj. (Dkt. No. 50); Def. Opp. to Pltf. Obj. (Dkt. No. 60); Pltf. Opp. to Def. Obj. (Dkt. No. 57))

Defendants contend that Judge Wang erred in rejecting their statute of limitations argument, noting that the last alleged act of malpractice took place on October 15, 2015, and that only Maloney – not Defendants – was involved in that incident.  (Def. Obj. (Dkt. No. 55) at 8-14; Def. Opp. to Pltf. Obj. (Dkt. No. 60) at 18-24)  Defendants also point out that Esposito asserts that she had "no trust or confidence" in Defendants as of October 2015 (Def. Obj. (Dkt. No. 55) at 12), and that the breakdown in the attorney-client relationship makes the continuous representation doctrine inapplicable.  (Id. at 11-12 (citing Aaron v. Roemer, Wallens & Mineaux, LLP, 272 A.D.2d 752, 755 (3d Dept. 2000) (noting that a "client's continuing trust and confidence" is a "prerequisite" for the application of the "continuous representation rule"))  According to Defendants, Maloney's January 7, 2016 email to the judge's law secretary confirms that lack of trust, given that a substitution of counsel form is attached to the email.  (Id. at 11, 13; Def. Opp. to Pltf. Obj. (Dkt. No. 60) at 21, 23)  Finally, Defendants contend that Judge Wang erred in recommending that Esposito be given leave to amend, because any amendment would be "futile and would unfairly subject Defendants to a continued meritless prosecution."  (Def. Obj. (Dkt. No. 55) at 18; Def. Opp. to Pltf. Obj. (Dkt. No. 60) at 8)[9]

As to Plaintiff's objections, Esposito argues that Judge Wang erred in finding that Isaac had been dismissed from the Isaac case as of 2009, because Isaac

---

[9]  Defendants do not object to Judge Wang's finding that service was timely under Fed. R. Civ. P. 4(m) and that Esposito's amendment was as of right under Fed. R. Civ. P. 15(a)(1).  (R&R (Dkt. No. 49) at 8-11)  The Court sees no clear error in these findings.  See Tatum v. City of New York, No. 19-CV-2581 (ER), 2020 WL 1922701, at *1 (S.D.N.Y. Apr. 21, 2020) ("The time to effect service is extended to 90 days from the issuance of the amended summons."); Vance v. Venettozzi, No. 9:18 CV 748 (BKS) (ATB), 2019 WL 4415551, at *3 (N.D.N.Y. Sept. 16, 2019) ("[A] plaintiff may freely offer an amendment at any time before a responsive pleading is served. . . .") (internal quotation marks omitted).  Accordingly, to the extent that Defendant's motion to dismiss is premised on these arguments, the motion will be denied.

continued to be a party "in his Partnership capacity," given that his law firm was a defendant until 2015.  (Pltf. Obj. (Dkt. No. 50) at 3-4)  Esposito further contends that she states a claim for legal malpractice because (1) Defendants have not "come forward with any case law . . . to demonstrate [that they] reasonably pursued [Esposito's] rights against Isaac . . . in [his] partnership capacity"; (2) Defendants failed to hold a press conference as promised; (3) Defendants shared the video that they created about her case with opposing counsel "without [Esposito's] permission or knowledge"; and (4) her "[p]hone calls were ignored and not returned."  (Id. at 6, 13-14)  Esposito claims that Defendants' alleged malpractice resulted in damages of $25 million.  (Id. at 8)  As for the statute of limitations, Esposito contends that her claims are timely given evidence that Defendants remained as her counsel of record through January 2016.  (Pltf. Opp. to Def. Obj. (Dkt. No. 57) at 2-3)  Finally, Esposito seeks leave to amend to cure any defects in the Amended Complaint.  (Pltf. Obj. (Dkt. No. 50) at 18)

## DISCUSSION

## I.      LEGAL STANDARDS

### A.      Review of Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the

original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F.

Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, 2002 WL 31174466, at *1

(S.D.N.Y. Sept. 30, 2002)) (alteration in Phillips. "To the extent . . . that the party . . . simply

reiterates the original arguments, [courts] will review the Report strictly for clear error."

Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 07 Civ. 6865 (LTS), 2008 WL 4810043,

at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003

WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees

Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also Ortiz v. Barkley, 558 F. Supp.

2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for

clear error where objections are 'merely perfunctory responses,' . . . 'rehashing . . . the same

arguments set forth in the original petition.'") (citing Vega, 2002 WL 31174466, at *1; Greene v.

WCI Holdings, 956 F. Supp. 509, 513 (S.D.N.Y. 1997)).

For portions of the R&R to which no timely objection is made, this Court's

review is limited to a consideration of whether there is any "'clear error on the face of the

record'" that precludes acceptance of the recommendations. Wingate v. Bloomberg, 2011 WL

5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note;

citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and

recommendation of a magistrate, to which no timely objection has been made, a district court

need only satisfy itself that there is no clear error on the face of the record.")).

**B.    Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests," Port Dock & Stone Corp. v. Oldcastle Northeast Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678.

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)); see Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 145-46 (2d Cir. 2002) ("When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly. . . .'" (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000))). "However, although pro se filings are read liberally and must be interpreted 'to raise the strongest arguments that they suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'" Wilder, 175 F. Supp. 3d at 87 (internal citations omitted). Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact,'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,'" even

for purposes of a pro se complaint, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal,

556 U.S. at 678).

## II.   ANALYSIS

### A.   Duplicative Claims

As discussed above, the Amended Complaint asserts claims for (1) breach of

contract; (2) breach of fiduciary duty; (3) negligence; (4) legal malpractice; (5) "dishonesty and

incompetence"; and (6) "grand larceny to defraud Esposito."  (Am. Cmplt. (Dkt. No. 8) ¶¶ 64-

79)  Judge Wang found that Counts One, Two, and Three are duplicative of the legal malpractice

claim in Count Four.  (R&R (Dkt. No. 49) at 16)  Neither side has objected to this finding.

Courts routinely dismiss as duplicative breach of contract, breach of fiduciary

duty, and negligence claims where those claims arise out of the same facts and seek the same

relief as legal malpractice claims.  See, e.g., England v. Feldman, No. 11 Civ. 1396 (CM), 2011

WL 1239775, at *5 (S.D.N.Y. Mar. 28, 2011) ("[W]here a claim for negligence, breach of

fiduciary duty, [or] breach of contract . . . are premised on the same facts and seek the identical

relief as a claim for legal malpractice, these claims are 'redundant and should be dismissed.'")

(quoting Nordwind v. Rowland, 584 F.3d 420, 432-33 (2d Cir. 2009)); Joyce v. Thompson

Wigdor & Gilly, LLP, No. 06 Civ. 15315, 2008 WL 2329227 (S.D.N.Y. June 3, 2008) ("Under

New York law, where claims of negligence, breach of contract, [or] breach of fiduciary duty . . .

are premised on the same facts and seek identical relief as a claim for legal malpractice, those

claims are duplicative and must be dismissed.").[10]

---

[10]  Because the parties agree that New York law governs their dispute (Pltf. Obj. (Dkt. No. 50) at
15; Def. Obj. (Dkt. No. 55) at 5), this Court applies New York law.  See Stephens Inc. v. Flexiti
Fin. Inc., No. 18-CV-8185 (JPO), 2019 WL 2725627, at *4 n.3 (S.D.N.Y. July 1, 2019) ("Both
parties agree that New York law applies to this case, and so the Court assumes its application as
well.").

The Court finds no error in Judge Wang's findings as to Counts One, Two, and Three.  Accordingly, these counts will be dismissed as duplicative of Count Four.

Without explanation, Judge Wang construed Count Five ("dishonesty and incompetence") and Count Six ("grand larceny to defraud Esposito") as stand-alone fraud claims.  (R&R (Dkt. No. 49) at 16 ("Counts Five and Six sound in fraud."))

"Fraud and conspiracy to commit fraud are often duplicative of legal malpractice."  Commonwealth Land Title Ins. Co. v. ANM Funding LLC, No. 15-CV-03405, 2016 WL 11263666, at *4 (E.D.N.Y. Sept. 1, 2016), report and recommendation adopted, 2016 WL 8672950 (E.D.N.Y. Sept. 30, 2016).  "Under New York law, '[t]he key to determining whether a claim is duplicative of one for malpractice is discerning the essence of each claim,' without regard for each claim's label."  Meskunas v. Auerbach, No. 17 CV 9129 (VB), 2019 WL 719514, at *4 (S.D.N.Y. Feb. 20, 2019) (quoting Johnson v. Proskauer Rose LLP, 129 A.D.3d 59, 68 (1st Dep't 2015)).  "[A] fraud claim 'asserted in connection with charges of professional malpractice' is non-duplicative 'only to the extent' it arises from 'one or more affirmative, intentional misrepresentations' that caused damages 'separate and distinct from those generated by the alleged malpractice.'"  Meskunas, 2019 WL 719514, at *4 (quoting Lemon v. Hollinger, 2017 WL 6547741, at *5 (S.D.N.Y. Dec. 19, 2017), reconsideration denied, 2018 WL 3231665 (S.D.N.Y. May 14, 2018)).

Here, Esposito has not sought separate and distinct damages for Counts Five and Six.  (Am. Cmplt. (Dkt. No. 49) at 15 ¶¶ (d)-(f))  Moreover, the allegations underlying these counts sound in malpractice.  (See, e.g., id. ¶¶ 74-79 (complaining that Defendants filed a "poorly written opposition [to summary judgment] on the eve of the due date"; "[f]ail[ed] to respond to [Plaintiff's] pleas to file a timely motion to reconsider a judge's ruling to dismiss her

case"; "reveal[ed] plaintiff team's strategy[] without her consent" by giving opposing counsel "a copy of a confidential video produced by Gary's firm"; and "deceiv[ed] [Esposito] into believing that . . . Isaac was no longer a party")  And in her objections, Esposito cites facts alleged in Counts Five and Six to support her malpractice claim.  (Pltf. Obj. (Dkt. No. 50) at 13-17)

Judge Wang recommends that Counts Five and Six be dismissed for a failure to meet the heightened pleading standard of Rule 9(b).  Esposito does not contend that the Amended Complaint meets this standard.  Instead she argues – at length – that her malpractice claim should not be dismissed.  (Pltf. Obj. (Dkt. No. 50) at 13-15)

The Court concludes that Counts Five and Six sound in legal malpractice and are duplicative of Plaintiff's legal malpractice claim.  Accordingly, these counts will be dismissed. See, e.g., Voutsas v. Hochberg, 103 A.D.3d 445, 446 (1st Dep't 2013) ("[T]he fraud . . . causes of action all arose from the same facts as the malpractice claim and alleged similar damages, and were therefore properly dismissed as duplicative of the deficient malpractice claim."); Rafter v. Liddle, No. 05 CV 4296 (TPG), 2006 WL 2255093, at *9 (S.D.N.Y. Aug. 4, 2006) ("It is well-settled New York law that where a fraud claim arises out of the same conduct that forms the basis for a legal malpractice claim, the fraud claim is deemed duplicative of the malpractice claim and must be dismissed.") (citing Laruccia v. Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP, 744 N.Y.S.2d 335 (2d Dep't 2002)); Mecca v. Shang, 258 A.D.2d 569, 570 (2d Dep't 1999) (dismissing fraud claims "since these claims . . . arise from the same facts as [plaintiff's] legal malpractice claim and do not allege distinct damages").

B.     **Statute of Limitations**

"New York law provides a three-year statute of limitations for a legal malpractice action that 'begins when the malpractice occurs, not when an individual discovers the

malpractice or understands its full consequences.'" Bryant v. Monaghan, No. 15 CIV 8427 PAC HBP, 2018 WL 4932086, at *5 (S.D.N.Y. Aug. 1, 2018), report and recommendation adopted sub nom. Bryant v. Silverman, 2018 WL 4357478 (S.D.N.Y. Sept. 12, 2018) (quoting Hanna v. O'Connell, 14 Civ. 7016 (RJS), 2015 WL 5223188 at *3 (S.D.N.Y. Aug. 12, 2015)).  "The statute of limitations 'may be deemed tolled under the theory of continuous representation until the attorney ceases representing the client in the specific matter at issue.'" Id. (quoting Nobile v. Schwartz, 56 F. App'x 525, 526 (2d Cir. 2003)); Shumsky v. Eisenstein, 96 N.Y.2d 164, 166 (2001) ("[I]n the context of a legal malpractice action, the continuous representation doctrine tolls the Statute of Limitations only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice.").

   The continuous representation doctrine "'is premised on the trust relationship between the attorney and the client, and the inequity of barring the client from suing the attorney based on the running of the statute of limitations during the life of that relationship.'" Koch v. Pechota, No. 10 CIV. 9152, 2012 WL 2402577, at *4 (S.D.N.Y. June 26, 2012) (quoting Mason Tenders Dist. Council Pension Fund v. Messera, 958 F. Supp. 869, 888 (S.D.N.Y.1997)).  Thus, the "doctrine cannot be used to toll the statute of limitations after the relationship of trust and confidence ends." Bryant, 2018 WL 4932086, at *6 (S.D.N.Y. Aug. 1, 2018) (citing Aseel v. Jonathan E. Kroll & Assoc., PLLC, 106 A.D.3d 1037, 1038 (2d Dep't 2013); Fleyshman v. Suckle & Schlesinger, PLLC, 91 A.D. 3d 591, 592 (2d Dep't 2012)); see also Anderson v. Greene, No. 14 CIV. 10249 (KPF), 2016 WL 4367960, at *27 (S.D.N.Y. Aug. 10, 2016), aff'd, 774 F. App'x 694 (2d Cir. 2019) ("'[F]or the continuous representation doctrine to apply, a predicate of continuing trust and confidence must exist,' and 'if there is a breakdown in that

relationship, the doctrine is not applicable.'") (quoting <u>De Carlo v. Ratner</u>, 204 F. Supp. 2d 630, 636 (S.D.N.Y.), <u>aff'd</u>, 53 F. App'x 161 (2d Cir. 2002)).

Here, Esposito filed the Complaint on December 3, 2018.  (Cmplt. (Dkt. No. 1)) Accordingly, for her malpractice claim to be timely, the statute of limitations must be tolled at least through December 3, 2015.  Judge Wang found that the continuous representation doctrine might apply through January 7, 2016, given that Defendants were copied on an email that Maloney sent to Judge Cohen's law secretary at that time.  (R&R (Dkt. No. 49) at 14-15 (citing Pltf. Opp. (Dkt. No. 45) at 5-6)

It is clear from the Amended Complaint, however, that Esposito had lost trust and confidence in Defendants long before December 3, 2015.  Esposito pleads that in connection with a 2013 summary judgment motion, Defendants were "not prepared," "failed to submit crucial evidence," and "did not have case law to support their arguments."  (Am. Cmplt. (Dkt. No. 8) ¶¶ 49-50)  "Over the summer months and continuing into the Fall of 2015," Esposito became "flabbergasted . . . that Gary was trying to completely derail and bury [Plaintiff's] case." (<u>Id.</u> ¶ 51)  Esposito alleges that Defendants' "actions and inactions [at this time] . . . clearly . . . make a strong case to charge the Gary team with legal malpractice and outright fraud."  (<u>Id.</u>; <u>see also</u> <u>id.</u> ¶ 52 ("On September 21, October 8 and October 14, 2015 there was court dates in New York County Court.  Ms. Esposito's legal saga and the apparent corruption surrounding it, became further convinced that she has been defrauded and the fraudulent activity involves her attorneys.").

In sum, accepting the allegations of the Amended Complaint as true, Esposito plainly lost trust and confidence in Defendants long before December 3, 2015.  Accordingly, the continuous representation doctrine does not apply, and Plaintiff's legal malpractice claims are

time-barred.  See, e.g., Aseel, 106 A.D.3d at 1038 ("[B]ecause . . . the relationship necessary to invoke the continuous representation doctrine terminated more than three years prior to the commencement of this action, the Supreme Court properly granted that branch of the defendants' motion . . . to dismiss so much of the complaint as alleged legal malpractice against the defendants. . . ."); Serino v. Lipper, 47 A.D.3d 70, 77 (1st Dep't 2007) ("[T]he continuous representation doctrine does not apply here. . . . Accordingly, the malpractice claims . . . should have been dismissed as time-barred.").

Esposito contends, however, that the continuous representation doctrine applies, because "Defendants were still [counsel] of record in the [Isaac] case as of January of 2016." (Pltf. Opp. to Def. Obj. (Dkt. No. 57) at 2; see also Pltf. Obj. (Dkt. No. 50) at 9 (noting Defendants' "failure to establish when Representation terminated" and "failure to bring forward any Official Court Order from the State of New York Courts which relieved . . . [them of their] professional obligations and duties and on which date"))  Esposito lost trust in Defendants before they were relieved as counsel of record, however.  Accordingly, the date on which Defendants were formally relieved has no import.  See, e.g., O.K. Petroleum Int'l, Ltd. v. Palmieri & Castiglione, LLP, 136 A.D.3d 767, 767-68 (2d Dep't 2016) ("[T]he Supreme Court properly . . . dismiss[ed] the cause of action . . . for legal malpractice as untimely. . . . [P]laintiffs failed to raise a triable issue of fact as to whether the statute of limitations was tolled by the continuous representation doctrine until the formal notice of substitution was executed on June 12, 2009 . . . ."); Aaron, 272 A.D.2d at 752 ("[C]ontinuous treatment rule did not persist until formal termination of nominal representation by defendants, but rather ceased with disruption of client's trust and reliance. . . ."); Frenchman v. Queller, Fisher, Dienst, Serrins, Washor & Kool, LLP, 24 Misc. 3d 486, 494 (N.Y. Co. Sup. Ct. 2009) ("Plaintiff's claim that the lack of a formal

substitution somehow serves as proof of continuous representation . . . is flawed."); Artese ex rel. Artese v. Pollack, 2 Misc. 3d 1008(A) (N.Y. Sup. Ct. Nassau Co. 2004) ("Continuous representation terminates when it becomes manifest that the client has ceased to repose trust and confidence in the attorney even if the attorney's withdrawal as counsel has not been formally sanctioned and no other attorney undertakes the representation.").

Even if Plaintiff's legal malpractice claim were not plainly time-barred, Judge Wang did not err in concluding that Esposito fails to state a claim for legal malpractice. Esposito's allegations of malpractice are – as Judge Wang finds – "highly conclusory."  (R&R (Dkt. No. 49) at 18)  The Amended Complaint "contains only short and vague statements about the alleged acts or omissions of her lawyers" (id. at 19), and these allegations are not sufficient to withstand a motion to dismiss.  See Glascoe v. Solomon, No. 18 CIV. 8284 (AT), 2020 WL 1272120, at *10 (S.D.N.Y. Mar. 17, 2020) ("[Pro se] Plaintiff's vague, conclusory pleadings are insufficient to withstand a motion to dismiss a complaint for failure to state a claim upon which relief may be granted.") (internal quotation marks omitted).

**C.      Leave to Amend**

The Second Circuit has cautioned that district courts "should not dismiss [a pro se claim] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  "'Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.'"  Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam)).  "One appropriate basis for denying leave to amend is that the proposed amendment is futile. . . . An amendment to a pleading is futile if the

proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Id. (internal citations omitted).

Judge Wang recommends that Esposito be given leave to amend, on the theory that she might be able to plead additional facts to bolster her legal malpractice claim.  (R&R (Dkt. No. 49) at 24-25)  This Court has concluded, however, that based on the account Esposito provides in the Amended Complaint concerning her relationship with Defendants, her legal malpractice claim is time-barred.  Accordingly, granting leave to amend would be futile.  See, e.g., Klein v. Zugabie, No. 15 CIV. 9093 (NSR), 2017 WL 374733, at *10 (S.D.N.Y. Jan. 24, 2017) ("[A]s most of Plaintiff's claims are 'untimely as a matter of law, repleading [those claims] would be futile.'") (quoting Twersky v. Yeshiva Univ., 993 F. Supp. 2d 429, 452 (S.D.N.Y. 2014)); Kotler v. Charming Shoppes, Inc., No. 11-cv-3296 (SAS), 2012 WL 291512, at *3 (S.D.N.Y. Jan. 31, 2012) ("[L]eave to replead would be futile because [plaintiff's] claims are time barred and an amended complaint would be unable to cure that deficiency."); Keitt v. New York City, 882 F. Supp. 2d 412, 426 (S.D.N.Y. Sept. 29, 2011) ("All of [plaintiff's] claims against the City Defendants are time-barred and thus an amendment with respect to these claims would be futile.").

## CONCLUSION

Judge Wang's R&R is adopted in part as set forth above.  Defendants' motions to dismiss (Dkt. Nos. 23, 39) are granted.  The Clerk of Court is directed to terminate any other pending motions as moot and to close this case.  A copy of this Order has been mailed to pro se Plaintiff by Chambers.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:  New York, New York
        May 16, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge