UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUISA CASTAGNA ESPOSITO,

                           Plaintiff,

        v.

CHRISTOPHER CHESTNUT, individually
and as a partner of CHESTNUT, L.L.P., and
WILLIE GARY, individually and as a
partner of WILLIAMS, PARENTI, LEWIS
& WATSON LLC,

                           Defendants.

**ORDER**

18 Civ. 11245 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

            In this action, Plaintiff Luisa Castagna Esposito asserts legal malpractice claims

against Defendants Christopher Chestnut and Willie Gary in their individual capacities and as

partners of their respective law firms, Chestnut, L.L.P. and Williams, Parenti, Lewis, & Watson

LLC.[1]  (Am. Cmplt. (Dkt. No. 8))  On May 16, 2020, this Court dismissed Esposito's claims as

time-barred.  (Dkt. No. 61)  Judgment was entered on May 18, 2020.  (Dkt. No. 62)  On June 15,

2020, Esposito – now represented by counsel – moved to vacate the judgment pursuant to Fed.

R. Civ. P. 59(e) and 60(b).  (Mot. (Dkt. No. 63))  For the reasons stated below, Esposito's motion

will be denied.

**BACKGROUND**

            The Complaint was filed on December 3, 2018 (Dkt. No. 2), and the Amended

Complaint was filed on May 8, 2019 (Dkt. No. 8).  According to the Amended Complaint,

---

[1]  It appears that the current name of Gary's law firm is Gary, Williams, Parenti, Watson and
Gary, P.L.L.C.  See Willie Gary, GARYLAWGROUP.COM, https://www.garylawgroup.com/team-
member/willie-gary.

Defendants committed malpractice while representing Esposito in a civil "sexual assault and battery case" that she brought against another lawyer – non-party Allen Isaac – in New York state court in 2008 (the "Isaac case").  (Am. Cmplt. (Dkt. No. 8) ¶ 1)  Isaac had represented Esposito in a personal injury automobile accident case that she brought in 2002, and Esposito claims that, during that representation, Isaac had "sexually molested [her] by grabbing her breast inside her bra and her buttocks."  (Id. ¶¶ 15, 17)  In August 2015, after seven years of litigation, defendants in the Isaac case were granted summary judgment and Esposito's case was dismissed.  (Aug. 11, 2015 N.Y.C. Civ. Ct. Order (Dkt. No. 24-5))  In the instant case, Esposito claims that Defendants committed legal malpractice in representing her in the Isaac case.[2]

On July 11, 2019, Defendant Gary moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Gary Br. (Dkt. No. 25))  Defendant Chestnut filed an almost identical motion on December 9, 2019.  (Chestnut Br. (Dkt. No. 41))

On December 10, 2019, this Court referred Defendants' motions to Magistrate Judge Ona Wang for a Report and Recommendation ("R&R").  (Order (Dkt. No. 43))  On April 20, 2020, Judge Wang issued an R&R in which she concluded – as an initial matter – that Esposito's legal malpractice claim was timely.  (R&R (Dkt. No. 49) at 15[3] ("[T]he Court cannot find that Plaintiff's claims are time barred at this stage and I do not recommend dismissing Plaintiff's malpractice claims on timeliness grounds."))  Judge Wang recommended, however, that the Amended Complaint be dismissed for failure to state a claim.  (Id. at 24)  Judge Wang further recommended that Esposito be granted leave to amend.  (Id. at 24-25)

---

[2]  The Court's May 16, 2020 order (Dkt. No. 61), which granted Defendants' motion to dismiss, includes a more detailed recitation of the alleged facts.  Familiarity with that order is assumed.
[3]  Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

Both sides objected to the R&R.  In her objections, Esposito argued – contrary to Judge Wang's findings – that the Amended Complaint sufficiently pleads a legal malpractice claim.  (Pltf. Obj. (Dkt. No. 50) at 1-2)  Defendants maintained that Judge Wang erred by not dismissing the Amended Complaint as time-barred.  (Def. Obj. (Dkt. No. 55) at 9-14)  Defendants also argued that Esposito should not be granted leave to amend because any amendment would be futile.  (Id. at 18)

In a May 16, 2020 order, this Court found Defendants' objections meritorious, and ruled that Esposito's legal malpractice claims[4] were untimely:

> "New York law provides a three-year statute of limitations for a legal malpractice action that 'begins when the malpractice occurs, not when an individual discovers the malpractice or understands its full consequences.'"  Bryant v. Monaghan, No. 15 CIV 8427 PAC HBP, 2018 WL 4932086, at *5 (S.D.N.Y. Aug. 1, 2018), report and recommendation adopted sub nom. Bryant v. Silverman, 2018 WL 4357478 (S.D.N.Y. Sept. 12, 2018) (quoting Hanna v. O'Connell, 14 Civ. 7016 (RJS), 2015 WL 5223188 at *3 (S.D.N.Y. Aug. 12, 2015)).  "The statute of limitations 'may be deemed tolled under the theory of continuous representation until the attorney ceases representing the client in the specific matter at issue.'" Id. (quoting Nobile v. Schwartz, 56 F. App'x 525, 526 (2d Cir. 2003)); Shumsky v. Eisenstein, 96 N.Y.2d 164, 166 (2001) ("[I]n the context of a legal malpractice action, the continuous representation doctrine tolls the Statute of Limitations only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice.").
>
> The continuous representation doctrine "'is premised on the trust relationship between the attorney and the client, and the inequity of barring the client from suing the attorney based on the running of the statute of limitations during the life of that relationship.'"  Koch v. Pechota, No. 10 CIV. 9152, 2012 WL 2402577, at *4 (S.D.N.Y. June 26, 2012) (quoting Mason Tenders Dist. Council Pension Fund v. Messera, 958 F. Supp. 869, 888 (S.D.N.Y.1997)).  Thus, the "doctrine cannot be used to toll the statute of limitations after the relationship of trust and confidence ends." Bryant, 2018 WL 4932086, at *6 (S.D.N.Y. Aug. 1, 2018) (citing Aseel v. Jonathan E. Kroll & Assoc., PLLC, 106 A.D.3d 1037, 1038 (2d Dep't 2013); Fleyshman v. Suckle & Schlesinger, PLLC, 91 A.D. 3d 591, 592 (2d

---

[4]  Although the Amended Complaint asserts breach of contract, breach of fiduciary duty, negligence, "dishonesty and incompetence," and "grand larceny conspiracy to defraud" in addition to legal malpractice (Am. Cmplt. (Dkt. No. 8) ¶¶ 64-79), this Court concluded that all of Esposito's claims sound in legal malpractice.  (Dkt. No. 61 at 18-20)

Dep't 2012)); see also Anderson v. Greene, No. 14 CIV. 10249 (KPF), 2016 WL 4367960, at *27 (S.D.N.Y. Aug. 10, 2016), aff'd, 774 F. App'x 694 (2d Cir. 2019) ("'[F]or the continuous representation doctrine to apply, a predicate of continuing trust and confidence must exist,' and 'if there is a breakdown in that relationship, the doctrine is not applicable.'") (quoting De Carlo v. Ratner, 204 F. Supp. 2d 630, 636 (S.D.N.Y.), aff'd, 53 F. App'x 161 (2d Cir. 2002)).

Here, Esposito filed the Complaint on December 3, 2018. (Cmplt. (Dkt. No. 1)) Accordingly, for her malpractice claim to be timely, the statute of limitations must be tolled at least through December 3, 2015. Judge Wang found that the continuous representation doctrine might apply through January 7, 2016, given that Defendants were copied on an email . . . to [the] law secretary [of the presiding state court judge] at that time. (R&R (Dkt. No. 49) at 14-15 (citing Pltf. Opp. (Dkt. No. 45) at 5-6)

It is clear from the Amended Complaint, however, that Esposito had lost trust and confidence in Defendants long before December 3, 2015. Esposito pleads that in connection with a 2013 summary judgment motion, Defendants were "not prepared," "failed to submit crucial evidence," and "did not have case law to support their arguments." (Am. Cmplt. (Dkt. No. 8) ¶¶ 49-50) "Over the summer months and continuing into the Fall of 2015," Esposito became "flabbergasted . . . that Gary was trying to completely derail and bury [Plaintiff's] case." (Id. ¶ 51) Esposito alleges that Defendants' "actions and inactions [at this time] . . . clearly . . . make a strong case to charge the Gary team with legal malpractice and outright fraud." (Id.; see also id. ¶ 52 ("On September 21, October 8 and October 14, 2015 there was court dates in New York County Court. Ms. Esposito's legal saga and the apparent corruption surrounding it, became further convinced that she has been defrauded and the fraudulent activity involves her attorneys.").

In sum, accepting the allegations of the Amended Complaint as true, Esposito plainly lost trust and confidence in Defendants long before December 3, 2015. Accordingly, the continuous representation doctrine does not apply, and Plaintiff's legal malpractice claims are time-barred. See, e.g., Aseel, 106 A.D.3d at 1038 ("[B]ecause . . . the relationship necessary to invoke the continuous representation doctrine terminated more than three years prior to the commencement of this action, the Supreme Court properly granted that branch of the defendants' motion . . . to dismiss so much of the complaint as alleged legal malpractice against the defendants. . . ."); Serino v. Lipper, 47 A.D.3d 70, 77 (1st Dep't 2007) ("[T]he continuous representation doctrine does not apply here. . . . Accordingly, the malpractice claims . . . should have been dismissed as time-barred.").

Esposito contends, however, that the continuous representation doctrine applies, because "Defendants were still [counsel] of record in the [Isaac] case as of January of 2016." (Pltf. Opp. to Def. Obj. (Dkt. No. 57) at 2; see also Pltf. Obj. (Dkt. No. 50) at 9 (noting Defendants' "failure to establish when Representation

terminated" and "failure to bring forward any Official Court Order from the State of New York Courts which relieved . . . [them of their] professional obligations and duties and on which date")) Esposito lost trust in Defendants before they were relieved as counsel of record, however. Accordingly, the date on which Defendants were formally relieved has no import. See, e.g., O.K. Petroleum Int'l, Ltd. v. Palmieri & Castiglione, LLP, 136 A.D.3d 767, 767-68 (2d Dep't 2016) ("[T]he Supreme Court properly . . . dismiss[ed] the cause of action . . . for legal malpractice as untimely. . . . [P]laintiffs failed to raise a triable issue of fact as to whether the statute of limitations was tolled by the continuous representation doctrine until the formal notice of substitution was executed on June 12, 2009. . . ."); Aaron [v. Roemer, Wallens & Mineaux, LLP, 272 A.D.2d 752, 752 (3d Dep't 2000)] ("[C]ontinuous treatment rule did not persist until formal termination of nominal representation by defendants, but rather ceased with disruption of client's trust and reliance. . . ."); Frenchman v. Queller, Fisher, Dienst, Serrins, Washor & Kool, LLP, 24 Misc. 3d 486, 494 (N.Y. Co. Sup. Ct. 2009) ("Plaintiff's claim that the lack of a formal substitution somehow serves as proof of continuous representation . . . is flawed."); Artese ex rel. Artese v. Pollack, 2 Misc. 3d 1008(A) (N.Y. Sup. Ct. Nassau Co. 2004) ("Continuous representation terminates when it becomes manifest that the client has ceased to repose trust and confidence in the attorney even if the attorney's withdrawal as counsel has not been formally sanctioned and no other attorney undertakes the representation.").

(May 16, 2020 Order (Dkt. No. 61) at 20-24)

As to leave to amend, this Court accepted Defendants' objection and rejected Judge Wang's recommendation that leave be granted. This Court concluded that leave to amend should be denied because – accepting the Amended Complaint's allegations as true – Plaintiff had lost trust and confidence in Defendants more than three years before she brought the instant action. Her claims were thus plainly time-barred.[5]

The Court reasoned as follows:

The Second Circuit has cautioned that district courts "should not dismiss [a pro se claim] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). "'Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of

[5] In analyzing the statute of limitations issue, Judge Wang did not address whether Esposito had lost trust and confidence in Defendants before their representation of her formally ended. (R&R (Dkt. No. 49) at 11-15)

5

discretion to deny leave to amend.'" <u>Lucente v. Int'l Bus. Machines Corp.</u>, 310
F.3d 243, 258 (2d Cir. 2002) (quoting <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d
129, 131 (2d Cir. 1993) (<u>per</u> <u>curiam</u>)).  "One appropriate basis for denying leave
to amend is that the proposed amendment is futile. . . . An amendment to a
pleading is futile if the proposed claim could not withstand a motion to dismiss
pursuant to Fed. R. Civ. P. 12(b)(6)." <u>Id.</u> (internal citations omitted).

Judge Wang recommends that Esposito be given leave to amend, on the theory
that she might be able to plead additional facts to bolster her legal malpractice
claim.  (R&R (Dkt. No. 49) at 24-25)  This Court has concluded, however, that
based on the account Esposito provides in the Amended Complaint concerning
her relationship with Defendants, her legal malpractice claim is time-barred.
Accordingly, granting leave to amend would be futile.  <u>See</u>, <u>e.g.</u>, <u>Klein v.</u>
<u>Zugabie</u>, No. 15 CIV. 9093 (NSR), 2017 WL 374733, at *10 (S.D.N.Y. Jan. 24,
2017) ("[A]s most of Plaintiff's claims are 'untimely as a matter of law,
repleading [those claims] would be futile.'") (quoting <u>Twersky v. Yeshiva Univ.</u>,
993 F. Supp. 2d 429, 452 (S.D.N.Y. 2014)); <u>Kotler v. Charming Shoppes, Inc.</u>,
No. 11-cv-3296 (SAS), 2012 WL 291512, at *3 (S.D.N.Y. Jan. 31, 2012)
("[L]eave to replead would be futile because [plaintiff's] claims are time barred
and an amended complaint would be unable to cure that deficiency."); <u>Keitt v.</u>
<u>New York City</u>, 882 F. Supp. 2d 412, 426 (S.D.N.Y. Sept. 29, 2011) ("All of
[plaintiff's] claims against the City Defendants are time-barred and thus an
amendment with respect to these claims would be futile.").

(May 16, 2020 (Dkt. No. 61) at 24-25)

On May 18, 2020, the Clerk of Court entered judgment in Defendants' favor.

(Dkt. No. 62)

On June 15, 2020, Esposito – who retained counsel after the May 16, 2020 order

was issued – moved to vacate the judgment under Rules 59(e) and 60(b) of the Federal Rules of

Civil Procedure.  (Mot. (Dkt. No. 63))

Although the Amended Complaint – the allegations of which were submitted

under penalty of perjury (Am. Cmplt. (Dkt. No. 8) at 16 ("[Esposito] declares under penalty of

perjury that . . . she has read the above and that the information contained herein is true and

correct. . . .")) – states that Esposito had concluded by the "summer . . . and . . . Fall of 2015"

that Defendants intended to "completely derail and bury her case," and had committed "legal

malpractice and outright fraud [against her]" in connection with their representation of her,[6] Esposito now contends that she "did not lose confidence in [Defendants] until December 28, 2015," when she sent Defendants a formal "termination letter." (Pltf. Br. (Dkt. No. 65) at 6) As to her earlier allegations that she had concluded by the summer and fall of 2015 that Defendants had committed legal malpractice and defrauded her, Esposito says that she merely "cut-and-pasted" those allegations from a "website called 'The Client Killer.'" (Id. at 7)

The Client Killer website – which is operated by Ray Rogers – has published stories about Esposito and other "former Gary clients who believe they were victimized by his criminal fraud." (Id.) In September 2014, Rogers began an "aggressive campaign" to convince Esposito that Gary was not trustworthy. (Esposito Decl. (Dkt. No. 64-1) ¶ 7) Esposito initially rebuffed Rogers (id. ¶¶ 8, 15), but after the state court granted summary judgment against her in the Isaac case in August 2015, Esposito began engaging with Rogers "more than [she] had previously." (Id. ¶ 9)

Rogers's website published a story concerning Esposito, which purports to be based on "months of investigation." The story is entitled "Victimized by Four Sleazy Attorneys: The Luisa Esposito Story." (Excerpt from "The Client Killer" Website (Dkt. No. 64-9)) The story reports that

---

[6] See, e.g., Am. Cmplt. (Dkt. No. 8) ¶¶ 51-52 ("Over the summer months and continuing into the Fall of 2015, Ms. Esposito had become flabbergasted as she came to the realization that Gary was trying to completely derail and bury her case. Whether it's not returning her phone calls or answering her emails, or conjuring up all kinds of stories and excuses for a long string of incidents in mishandling her cases, or fabricating meetings which are suddenly and endlessly postponed, or involving her in staged mediation meetings, or refusing to actually demand or prepare for a jury trial, the actions and inactions of Gary seem clearly to make a strong case to charge the Gary team with legal malpractice and outright fraud. . . . On September 21, October 8 and October 14, 2015 there was court dates in New York County Court. Ms. Esposito's legal saga and the apparent corruption surrounding it, became further convinced that she has been defrauded and the fraudulent activity involves her attorneys.").

After months of investigation, **we believe that plaintiff Luisa Esposito has been defrauded outright, or is the victim of outrageously sloppy work and legal malpractice, by the legal team of Willie Gary, Christopher Chestnut and Andrew Maloney** while "representing" her in a sexual assault case against prominent New York attorney Allen H. Isaac and his law firm (Esposito, Luisa C. v. Isaac, Allen H. et al 570037/10).

**. . . .**

**Over the summer months and continuing into the Fall of 2015, Ms. Esposito had become flabbergasted as she came to the realization that Gary was trying to completely derail and bury her cases.  Whether it's not returning her phone calls or answering her emails, or conjuring up all kinds of stories and excuses for a long string of incidents in mishandling her cases, or fabricating meetings which are suddenly and endlessly postponed, or involving her in staged mediation meetings, or refusing to actually demand or prepare for a jury trial, the actions and inactions of Gary seem clearly to make a strong case to charge the Gary led team with legal malpractice and outright fraud.**

(Id.) (emphasis in original).

Esposito now maintains, however, that the "earliest possible date" on which she lost confidence in Defendants was December 28, 2015, when she sent them a "termination letter." (Esposito Decl. (Dkt. No. 64-1) ¶ 11)  Esposito contends that the statute of limitations on her legal malpractice claims was tolled through that date, and because (1) she commenced this action on December 3, 2018; and (2) legal malpractice claims in New York are subject to a three-year statute of limitations, her action is timely.  (Pltf. Br. (Dkt. No. 65) at 5-6, 8, 17-18)

Defendants contend that Esposito's motion to vacate should be denied because, inter alia, she has not cited any previously unavailable evidence in support of her motion.  (Def. Opp. (Dkt. No. 67) at 10, 24)  Defendants also argue that Esposito's motion constitutes an improper attempt to "circumvent the appellate process and relitigate issues" that this Court has already decided.  (Id. at 31)

## DISCUSSION

## I.       LEGAL STANDARDS

Rule 59(e) allows parties to move to "alter or amend a judgment" within "28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  "'Under Rule 59(e), district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice.'"  Riverkeeper, Inc. v. Wheeler, No. 17-CV-4916 (VSB), 2020 WL 1188455, at *2 (S.D.N.Y. Mar. 12, 2020) (quoting 4 Pillar Dynasty LLC v. New York & Co., Inc., 933 F.3d 202, 216 (2d Cir. 2019)).  "'A Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  Id. (quoting 4 Pillar Dynasty, 933 F.3d at 216).  Such motions "are narrowly construed in order to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"  Id. (quoting Hadassah Acad. Coll. v. Hadassah Women's Zionist Org. of Am., Inc., No. 18 Civ. 2446 (AT), 2019 WL 1897668, at *1-2 (S.D.N.Y. Apr. 29, 2019)).  "Ultimately, '[a] district court has broad discretion in determining whether to grant a motion to alter or amend the judgment.'"  Id. (quoting Baker v. Dorfman, 239 F.3d 415, 427 (2d Cir. 2000)).

Fed. R. Civ. P. 60(b) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, Esposito seeks relief under Rule 60(b)(1), (2), and (6). (Pltf. Br. (Dkt. No. 65) at 20)

Although Rule 60(b) motions are "committed to the sound discretion of the district court," Shukla v. Sharma, No. 07 Civ. 2972 (CBA) (CLP), 2014 WL 4437278, at *3 (E.D.N.Y. Sept. 9, 2014), "[r]elief under Rule 60(b) is disfavored because it disrupts the finality of judgments." Flynn v. Nat'l Asset Mgmt. Agency, 303 F.R.D. 448, 451 (S.D.N.Y. 2014) (citing Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004)); Empresa Cubana Del Tabaco v. General Cigar Co. Inc., 385 Fed. Appx. 29, 31 (2d Cir. 2010) ("We have cautioned . . . that Rule 60(b) motions are disfavored. . . .")). Accordingly, relief under Rule 60(b) "'is properly granted only upon a showing of exceptional circumstances.'" Id. at 451 (quoting Marrero Pichardo, 374 F.3d at 55).

## II.  APPLICATION

Esposito's request for relief under Rule 59(e) must be denied, because a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Riverkeeper, 2020 WL 1188455, at *2 (S.D.N.Y. Mar. 12, 2020) (quoting 4 Pillar Dynasty, 933 F.3d at 216). The parties briefed the statute of limitations issue, and the Court ruled on that issue after analyzing it at length in the May 16, 2020 order. (May 16, 2020 Order (Dkt. No. 61) at 20-24) In doing so, the Court relied on the Amended Complaint's sworn allegations, which the Court was entitled to do,

notwithstanding Esposito's then <u>pro se</u> status.[7]  <u>See</u> <u>Rivera v. Doe</u>, No. 16 CV 8809 (PAE)

(BCM), 2018 WL 1449538, at *5 (S.D.N.Y. Feb. 26, 2018), <u>report and recommendation</u>

<u>adopted</u>, 2018 WL 1441386 (S.D.N.Y. Mar. 22, 2018) ("[A] <u>pro se</u> plaintiff, like any other

plaintiff, must state a plausible claim for relief, . . . and the district court . . . cannot invent factual

allegations that [the plaintiff] has not pled. . . .") (internal quotation marks omitted) (citing

<u>Walker v. Schult</u>, 717 F.3d 119, 124 (2d Cir. 2013); <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d

Cir. 2010)).

        Esposito asks this Court to grant her relief based on new allegations regarding her

state of mind in 2015.  But assuming <u>arguendo</u> that Esposito's new allegations regarding her

state of mind are true, these facts were known to her when the motion to dismiss was litigated.

Because Esposito seeks to re-litigate already-decided issues based on previously available

information, her Rule 59(e) motion must be denied.  <u>See</u> <u>Green Haven Prison Preparative</u>

<u>Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision</u>,

---

[7]  Esposito argues that the Court should grant her leave to file a second amended complaint, in
which she would delete her sworn allegations stating that she believed – by the summer and fall
of 2015 – that Defendants had defrauded her and committed legal malpractice, and instead assert
that she lost confidence in Defendants on December 28, 2015.  (Pltf. Br. (Dkt. No. 65) at 22-24;
<u>see also</u> Proposed Second Am. Cmplt. (Dkt. No. 64-10))  Any such amendment would be futile,
however, because new allegations that contradict Esposito's prior sworn allegations would not be
presumed true.  <u>See, e.g.</u>, <u>Rivera</u>, 2018 WL 1449538, at *5 (courts are not "obligated to accept
fresh factual assertions that contradict allegations previously made by the same plaintiff");
<u>Vaughn v. Strickland</u>, No. 12 Civ. 2696 (JPO), 2013 WL 3481413, at *6 (S.D.N.Y. July 11,
2013) ("The liberality with which courts examine <u>pro se</u> pleadings does not require a court to
'accept as true allegations that conflict with a plaintiff's prior allegations.'") (quoting <u>Green v.
Niles</u>, No. 11 Civ. 1349 (PAE), 2012 WL 987473, at *5 (S.D.N.Y. Mar. 23, 2012)); <u>Colliton v.
Cravath, Swaine & Moore LLP</u>, No. 08 CIV 0400 (NRB), 2008 WL 4386764, at *6 (S.D.N.Y.
Sept. 24, 2008), <u>aff'd</u>, 356 F. App'x 535 (2d Cir. 2009) ("Where a 'plaintiff blatantly changes his
statement of the facts in order to respond to the defendant['s] motion to dismiss . . . [and] directly
contradicts the facts set forth in his original complaint,' a court is authorized 'to accept the facts
described in the original complaint as true.'") (quoting <u>Wallace v. New York City Dep't of Corr.</u>,
No. 95 Civ. 4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996)).

No. 18-CV-8497 (KMK), 2019 WL 6498252, at *1 (S.D.N.Y. Dec. 3, 2019) ("A movant may

not 'rely upon facts, issues, or arguments that were previously available but not presented to the

court.'") (quoting Indergit v. Rite Aid Corp., 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014));

Dorchester Fin. Sec. v. Banco BRJ, S.A., No. 02 CIV 7504 KMW KNF, 2010 WL 2483983, at

*2 (S.D.N.Y. June 16, 2010) (a Rule 59(e) motion "is not an opportunity for a party to advance

new facts, issues, or arguments not previously presented to the court, or to obtain a rehearing on

the merits with regard to issues already decided").

    As to her request for relief under Rule 60(b)(1), Esposito notes that – when the

motion to dismiss was litigated – she was proceeding pro se.  (Pltf. Br. (Dkt. No. 65) at 21-22)

Esposito asserts that "she lacked the legal training to understand that the central factual issue

raised by the continuous representation doctrine was when she lost trust and confidence in

[Defendants]."  (Pltf. Br. (Dkt. No. 65) at 21; see also Pltf. Reply (Dkt. No. 69) at 7 ("Esposito,

with her lack of legal training, did not understand the significance of the 'trust and confidence'

issue. . . ."))  The implication is that – with proper legal training – Esposito would have

fashioned her allegations in such a way as to avoid a statute of limitations issue.  But a pro se

"litigant's unfamiliarity with the legal system or ignorance of the law cannot form the basis for

relief under Rule 60(b)(1)."  Nash v. Bd. of Educ. of City of New York, No. 99 CIV. 9611

(NRB), 2018 WL 2316337, at *4 (S.D.N.Y. May 8, 2018) (citing Nemaizer v. Baker, 793 F.2d

58, 62 (2d Cir. 1986)); see also Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731

(2d Cir.1990), aff'd, 501 U.S. 115 (1991) ("[I]gnorance of the law . . . cannot form the basis for

relief under [Rule 60(b)(1) ]."); Bankers Healthcare Grp., LLC v. Campbell, No. 5:19-CV-3

(GLS/ML), 2020 WL 3035575, at *2 (N.D.N.Y. June 5, 2020) ("Although Rule 60(b) governs

final judgments and authorizes a district court to 'relieve a party . . . from a final judgment' for

'mistake, inadvertence, surprise, or excusable neglect,' [parties] cannot 'rely upon their pro se

status, or lack of legal sophistication, as a basis for relief under Rule 60(b)(1).'") (quoting

Manney v. Intergroove Tontrager Vertriebs GMBH, No. 10 CV 4493, 2012 WL 4483092, at *3

(E.D.N.Y. Sept. 28, 2012)).  Accordingly, Esposito's request for relief under Rule 60(b)(1) will

be denied.[8]

       Esposito's request for relief under Rule 60(b)(2) also fails, because she has not

cited any previously unavailable evidence to support her claim.  See Nastasi & Assocs., Inc. v.

Bloomberg, L.P., No. 18-CV-12361 (JMF), 2020 WL 2555281, at *1 (S.D.N.Y. May 20, 2020)

("'[T]o succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is

truly newly discovered or could not have been found by due diligence.'") (quoting United States

v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir. 1983))  All of the new allegations on

which Esposito relies were available to her when she litigated the motion to dismiss.

Accordingly, her request for relief under Rule 60(b)(2) will be denied.  See State St. Bank & Tr.

Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177-78 (2d Cir. 2004) ("To prevail on a

motion for relief pursuant to Rule 60(b)(2), a movant must demonstrate that he was justifiably

ignorant of the newly discovered evidence despite due diligence.") (citing United States v. Int'l

---

[8]  Esposito appears to blame Defendants for her handling of the "'trust and confidence' issue,"
complaining that Defendants did not focus on her loss of confidence in them in the summer and
fall of 2015 until they filed their objections to the R&R.  (Pltf. Reply (Dkt. No. 69) at 7 (quoting
Esposito Decl. (Dkt. No. 68) ¶ 5))  It is plaintiffs, however, who have the burden of proving that
the continuous representation doctrine applies, see Rohe v. Bertine, Hufnagel, Headley, Zeltner,
Drummon & Dohn, LLP, 160 F. Supp. 3d 542, 549 (S.D.N.Y. 2016) ("It is plaintiffs' burden to
prove the [continuous representation] doctrine's applicability to the facts of this matter.") (citing
Gravel v. Cicola, 297 A.D.2d 620 (2d Dep't 2002)); see also Dozier v. Willkie Farr & Gallagher
LLP, No. 09 CIV. 9865 (LMM), 2010 WL 1779284, at *2 (S.D.N.Y. Apr. 26, 2010) (same), and
the statute of limitations issue was inherent in the facts.  Defendants raised the issue before this
Court (Def. Obj. (Dkt. No. 55) at 10-14), and Esposito had an opportunity to make the arguments
she now makes.  She did not do so (see Pltf. Resp. to Def. Obj. (Dkt. No. 57)), and instead now
seeks to contradict her prior sworn factual allegations in an effort to salvage her case.

Brotherhood of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001)); see also Joseph v. Beth Israel

Med. Ctr., No. 13-CV-02961 NGG CLP, 2015 WL 851987, at *4 (E.D.N.Y. Feb. 26, 2015)

(evidence about an event was "not 'new'" when the pro se "Plaintiff . . . was aware of [the event]

when he filed the Complaint").

           Finally, as to Esposito's request for relief under Rule 60(b)(6), "'Rule 60(b)(6)

and the other clauses of Rule 60(b) are mutually exclusive.'" Azkour v. Little Rest Twelve, No.

10-CV-4132 (RJS), 2017 WL 1609125, at *4 (S.D.N.Y. Apr. 28, 2017) (quoting Am. Tissue,

Inc. v. Arthur Andersen L.L.P., No. 02-cv-7751 (SAS), 2005 WL 712201, at *2 (S.D.N.Y. Mar.

28, 2005)).  Thus, "when 'the reasons offered for relief from judgment can be considered in one

of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule

60(b)(6).'" Azkour, 2017 WL 1609125, at *4 (quoting Am. Tissue, 2005 WL 712201, at *2).

           Here, Esposito "does not set forth any basis for relief other than those the [C]ourt

discussed in rejecting plaintiff's motion for relief under Rule 60(b)(1)" and Rule 60(b)(2).  See

Wan v. United States Postal Service, No. 17-CV-1560 (KAM) (LB), 2018 WL 1785485, at *6

(E.D.N.Y. Apr. 13, 2018).  Accordingly, Esposito's "motion for relief under Rule 60(b)(6)

[must] also [be] denied."  See id.

           Relief under Rule 60(b)(6) is also inappropriate because extraordinary

circumstances are not present.  Esposito swore under penalty of perjury that the allegations in her

Amended Complaint were true.  (Am. Cmplt. (Dkt. No. 8) at 16)  Esposito's motion to vacate the

judgment is premised on the notion that some of those sworn allegations are untrue.  That

Esposito – by her own account – misled the Court by swearing to the truth of false allegations is

not an extraordinary circumstance that would justify relief under Rule 60(b)(6).  See Jin Zhao v.

State Univ. of New York, No. 04 CIV. 210 KAM RML, 2015 WL 6032667, at *3 (E.D.N.Y.

Oct. 15, 2015) (a request for relief under Rule 60(b)(6) must be "supported by a showing of exceptional circumstances and that the moving party is <u>without fault</u>") (emphasis added); <u>Cyan Contracting Corp. v. Nat'l Grange Mut. Ins. Co.</u>, 257 F.R.D. 626, 627 (S.D.N.Y. 2009) (denying Rule 60(b)(6) motion where party has "no one but itself to blame for its present predicament"); <u>In re Ballone</u>, No. 10-20294-PRW, 2015 WL 515241, at *3 (Bankr. W.D.N.Y. Feb. 5, 2015) ("'In the vast majority of the cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault for [the] predicament. . . .'") (quoting 12 <u>Moore's Federal Practice</u> § 60.48[3][b] (3d ed. 2014)).

## <u>CONCLUSION</u>

   For the reasons stated above, Plaintiff's motion to vacate the judgment (Dkt. No. 63) is denied.  The Clerk of Court is directed to terminate the motion.

Dated: New York, New York
  August 10, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge