**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
LUISA CASTAGNA ESPOSITO,

                Plaintiff,                18-CV-11245 (PGG) (OTW)

    -against-                **OPINION AND ORDER**

WILLIE GARY, et al.,

                Defendants.
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On December 3, 2018, Plaintiff brought this action, *pro se*, alleging, in relevant part, legal malpractice claims for her former counsel's mishandling of a sexual assault case in which she was a plaintiff (the "2008 Tort Case").[1] After I issued a Report and Recommendation ("R&R") recommending dismissal of Plaintiff's complaint with leave to amend (ECF 49), Judge Gardephe adopted my R&R in part, dismissing the complaint without leave to amend and finding her claims to be time-barred. (ECF 61). Plaintiff subsequently obtained counsel, filed motions under Rules 59 and 60, and appealed the dismissal to the Second Circuit. Ultimately, the Second Circuit vacated and remanded, finding that a dismissal of the complaint as time barred was not warranted because the *pro se* complaint did not plead "any outward manifestation or communication to [Plaintiff's] attorneys before December 28 [2015]" of Plaintiff's private view that she had lost trust and confidence in her attorneys. (ECF 77 at 4).

---

[1] The Court assumes familiarity with the background facts and procedural history of this case. *See* Report and Recommendation, ECF 49.

After the Second Circuit's vacatur and remand, Plaintiff, now represented by counsel, filed a motion to amend attaching a proposed second amended complaint (ECF 81-1, "PSAC") alleging malpractice and negligent misrepresentation. The Court has reviewed the parties' briefing on Plaintiff's motion to amend, as well as Plaintiff's proposed second amended complaint (*see* ECF 80-90), and **GRANTS** Plaintiff leave to amend her complaint, for the reasons set forth below.

I. **Statute of Limitations**

As discussed in my Report and Recommendation and the Second Circuit's mandate, for purposes of determining whether Plaintiff's claims are time-barred and whether she may be able to invoke the continuous representation doctrine, the factual question is whether "Esposito communicated a loss of trust and confidence to her attorneys" by December 3, 2015, three years before she filed her initial *pro se* complaint. *See* ECF 77 at 2-3; ECF 49 (R&R)[2] at 14-15. Even Defendants appear to admit that the earliest date that Plaintiff unequivocally "communicated a loss of trust and confidence to her attorneys" was on December 28, 2015, when Attorney Griffith sent a substitution of counsel form to Defendants for their signature. (ECF 77 at 3). Accordingly, and consistent with the Second Circuit mandate, Plaintiff should be afforded leave to amend because her claims are not untimely.

---

[2] As a preliminary matter, in my R&R, I did not conclude that Plaintiff's malpractice claims were timely; rather, I concluded that I could not find, based on the (lack of) allegations in her *pro se* complaint, that Plaintiff's claims were <u>un</u>timely. Compare ECF 72 at 2 ("Judge Wang issued an R&R in which she concluded – as an initial matter – that Esposito's legal malpractice claim was timely") with ECF 49 (R&R) at 15 ("Given that there appears to be a factual dispute, the Court cannot find that Plaintiff's claims are time barred at this stage . . . ").

II.  **Futility**

"Where a party opposes leave to amend on 'futility' grounds, the appropriate legal standard is whether the proposed [pleading] fails to state a claim, the traditional Fed. R. Civ. P. 12(b) standard." *New Hampshire Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 124 (S.D.N.Y. 2009) (collecting cases). Under Rule 12(b)(6), the question for the court is whether the pleader has presented "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In my report and recommendation, I had also recommended dismissal for failure to state a claim, largely because Plaintiff's original complaint had not alleged sufficient facts.[3] Now, Defendants challenge the truth and accuracy of at least some of the additional facts pleaded in the proposed PSAC, including by submitting "documentary evidence" that certain factual allegations in the PSAC are "blatant[ly] false." (ECF 83 at 8). This is not the purpose of a futility determination on a motion to amend.

Reading Plaintiff's PSAC, she pleads particular facts that, if true, state a claim to relief plausible on its face. Specifically, Plaintiff alleges that she was not timely informed of a $750,000 offer to settle the 2008 Tort Case, and further identifies Defendants' repeated failures

---

[3] Specifically, Plaintiff failed to plead facts demonstrating proximate cause for her legal malpractice claim. *See* ECF 49 (R&R) at 24).

3

to raise applicable law[4] before, during, and after Judge Cohen's October 15, 2015 summary judgment decision that, had they been raised in the 2008 Tort Case, at least raise a question of fact about whether Judge Cohen would have granted summary judgment. *See, e.g.*, PSAC ¶¶ 34-48.

Accordingly, Plaintiff's motion to amend is granted, and she is directed to file her Second Amended Complaint by April 19, 2022.

Dated: March 31, 2022  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge

---

[4] For example, Defendants' arguments about the applicability of New York State and City Human Rights statutes are troubling and illogical. They argue that because Plaintiff was not an employee of the Gladstein Defendants, "**no statute imposes a duty to protect plaintiff in this type of matter**." ECF 83 at 11 (emphases in original). Thus, even though Defendants represented Plaintiff in the 2008 action seeking to hold the Gladstein Defendants liable for their partner's sexual assault, they now make the inexplicable and likely incorrect argument that they had no legal basis to assert a claim against the Gladstein Defendants in the first place, and thus summary judgment in favor of the Gladstein Defendants was the only correct outcome. *See Cahill v. Rosa*, 89 N.Y.2d 14, 22, 24 (1996) (dentist's offices are "places of public accommodation" under New York State Human Rights Law, in discrimination case where dentist refused to treat HIV+ patients; further noting that the American Dental Association and American Medical Associations had previously taken position "that it is unethical conduct to refuse to treat an HIV positive patient solely because of that diagnosis.").