**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
LUISA CASTAGNA ESPOSITO,

                Plaintiff,

                -against-

WILLIE GARY, et al.,

                Defendants.
------------------------------------------------------------x

18-CV-11245 (PGG) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

On July 26, 2023, after a status conference held the day before in which the Court addressed the discovery sought by the parties at length, the Court stayed discovery pending the resolution of seven limited document subpoenas to be served on specific entities listed on the record and in the follow-up order. (*See* ECF Nos. 199 and 208 at 27, 38).[1] These subpoenas were originally intended to be served by *pro se* Defendant Christopher Chestnut, who is a licensed attorney. Because Defendant Chestnut missed his deadline to serve these subpoenas, the Court allowed *pro se* Plaintiff Luisa Esposito to take over this task. (*See* ECF 213).[2] **AT NO TIME WAS ANY PARTY GIVEN LEAVE TO SERVE ANY SUBPOENAS BEYOND THE SEVEN SUBPOENAS LISTED IN ECF 199 AND ECF 213.**

---

[1] *See* ECF 208, Transcript of July 25, 2023, Status Conference, at 38: "Other than this subpoena process, which we just worked out together, all other discovery is stayed. We're not going to do any depositions. We're not going to do any other document requests until we get these subpoenas out, we get some responses."

[2] Plaintiff was limited to subpoenaing the following seven entities: (1) Case Cash Funding, (2) Golden Pear Funding, (3) Travelers Insurance Company, (4) Philadelphia Indemnity Insurance, (5) Chubb Insurance, (6) Sterling National Bank, and (7) Executive Risk Specialty Insurance.

### I. Subpoenaed Non-Parties' Motion to Compel and Motion to Quash

It has now come to the Court's attention that Plaintiff has served subpoenas and sought discovery well beyond the scope of the seven document subpoenas, including, *inter alia*, seeking depositions, privileged documents, and serving subpoenas on individuals and entities that were not among the seven entities listed. (*See* ECF Nos. 228, 231, 232, 233, 234, 236, 257, 258, 259, and 260). Plaintiff further filed a motion to compel discovery from non-party subpoenaed entities Travelers Indemnity Company of Connecticut ("Travelers"), Case Cash Funding, LLC ("Case Cash"), and Golden Pear Funding Opco, LLC ("Golden Pear"). (*See* ECF 234). This motion included a request for sanctions against Travelers' attorney Joanne Engeldrum, Case Cash and Golden Pear's attorney Jason Krantz, and CEO Gregory Elefterakis. *Id*.

Travelers moved for a protective order (*see* ECF Nos. 244, 246, and 247), and Case Cash and Golden Pear moved to quash the underlying subpoenas (*see* ECF Nos. ECF 251-255). Travelers' briefing includes troubling assertions that Plaintiff fabricated a conversation between Travelers' counsel, Ms. Engeldrum, and Defendant Chestnut in order to obtain "privileged documents and logs that do not exist." (ECF 247 at 11). There is no foundation for Plaintiff's knowledge of any conversation with Defendant Chestnut and Travelers. The Court further notes that at least one of the subpoenaed entities, Travelers, has incurred extensive fees in complying with Plaintiff's subpoenas and multiple attempts to meet and confer.[3]

---

[3] *See* ECF 247 at 11 ("Travelers has incurred **over $20,000 in legal fees** to respond to the subpoena in this action, including its counsel engaging in countless exchanges with both Ms. Esposito and Mr. Chestnut; producing thousands of pages of non-privileged documents; providing an affidavit from its claim professional; producing spreadsheets of defense costs paid in the Isaac Action to show Ms. Esposito that no indemnity/settlement payments have been paid; and providing a detailed privilege log of all documents withheld.") (emphasis added).

Accordingly, Plaintiff's motions to compel discovery and for attorney sanctions (ECF 234) are **DENIED as meritless**. Travelers' motion for a protective order (ECF 244) is **GRANTED**. Case Cash and Golden Pear's motion to quash the underlying subpoena (ECF 251) is **GRANTED**. Any further discovery is **STAYED in its entirety**. Plaintiff's new subpoenas, ECF Nos. 257, 258, and 259 are **QUASHED**. Therefore, the motion to hold the newly issued subpoenas in abeyance (ECF 262) is **DENIED as moot**.

## II. Warning to *Pro Se* Plaintiff

Plaintiff is warned that while *pro se* litigants are entitled to "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), they "are not immune to dismissal as a sanction for noncompliance with discovery orders," as long as they are warned of that possibility, *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

**PLAINTIFF IS HEREBY WARNED THAT ANY FUTURE NON-COMPLIANCE WITH ANY OF THIS COURT'S DISCOVERY ORDERS WILL RESULT IN A RECOMMENDATION TO THE DISTRICT JUDGE THAT THIS CASE BE DISMISSED WITH PREJUDICE.**

## III. Defendant Chestnut

*Pro se* Defendant Chestnut is directed to file a letter on the docket, **no later than Friday, January 12, 2024**, which shall address the following: (1) disclosure of any agreements made with Plaintiff about this case; and (2) responding to the allegations in Plaintiff Esposito's Affirmation (*see* ECF 247 at 11, citing Ms. Esposito Affirmation at ¶ 9).

The Clerk of Court is respectfully directed to close ECF Nos. 236, 244, 251, and 262. The Clerk is further directed to serve a copy of this Order on *pro se* Plaintiff.

**SO ORDERED.**

Dated: December 21, 2023
New York, New York

　　　　　　　　　　　　　　　　　　　_/s/ Ona T. Wang_
　　　　　　　　　　　　　　　　　　　**Ona T. Wang**
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge