UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LUISA CASTAGNA ESPOSITO,                         :
                                                 :
                         Plaintiff,              :     18-CV-11245 (PGG) (OTW)
                                                 :
           -against-                             :     **ORDER**
                                                 :
WILLIE GARY, et al.,                             :
                                                 :
                         Defendants.             :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court assumes familiarity with the procedural posture of this case. On July 26, 2023, I permitted *pro se* Plaintiff to serve seven limited document subpoenas on specific entities. (*See* ECF Nos. 199, 213, and 264).[1] All other discovery was stayed. After the Court discovered that Plaintiff had violated the discovery stay and the scope of the permitted subpoenas, I quashed Plaintiff's subpoenas and denied her meritless motions to compel and for sanctions. All discovery was stayed, and Plaintiff was warned that any future noncompliance with the Court's discovery orders would result in a recommendation that the case be dismissed with prejudice. (*See* ECF 264). ECF 264 was entered on December 21, 2023. *Id*.

On January 2, 2024, Plaintiff filed a motion for reconsideration, which non-party subpoenaed entity Travelers Indemnity Company of Connecticut ("Travelers"), opposed the next day. (*See* ECF Nos. 265 and 266).

---

[1] Plaintiff was limited to subpoenaing the following seven entities: (1) Case Cash Funding, (2) Golden Pear Funding, (3) Travelers Insurance Company, (4) Philadelphia Indemnity Insurance, (5) Chubb Insurance, (6) Sterling National Bank, and (7) Executive Risk Specialty Insurance.

1

On February 5, 2024, I issued a Report & Recommendation to Judge Gardephe (ECF 272), recommending that Defendants' Willie E. Gary and Christopher Chestnut's motion to dismiss (ECF 107) be granted, and that Plaintiff's Second Amended Complaint (SAC) (ECF 92) be dismissed in its entirety, with no further leave to amend as any future amendments would be futile. (ECF 272 at 16–17). Plaintiff's objections were filed on February 16, 2024 (ECF 274), and are all pending before Judge Gardephe. No responses were filed by Defendants.

Under Local Rule 6.3, a party seeking reconsideration must identify controlling facts or law that were overlooked in the challenged decision. Plaintiff has not met this burden. Instead, Plaintiff claims that a grant of an extension to Travelers, to oppose Plaintiff's motion, was a grant of the motion itself. (*See* ECF 239).[2] The rest of Plaintiff's motion argues that the absence of documents supporting Plaintiff's allegations "prove" that the subpoenaed parties are withholding documents, and thus support sanctions.

Plaintiff has not met the standard of Local Rule 6.3. Reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to close ECF 265. The Clerk is further directed to serve a copy of this Opinion & Order on *pro se* Plaintiff.

---

[2] While the text of the docket entry for ECF 239 is not a model of clarity, that is not a basis for reconsideration. Pursuant to Local Rule 5.2(c), a litigant "should not rely on the description on the docket or in [an] ECF Notice of Electronic filing[,]" and is held to the text of a Court order. Plaintiff has litigated this and other cases in this Court and is expected to be familiar with the Local Rules for the Southern District of New York. The Order at ECF 239, was clear and unequivocal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: June 3, 2024
New York, New York

  /s/ Ona T. Wang  
**Ona T. Wang**
United States Magistrate Judge