LUISA CASTAGNA ESPOSITO
282 GARDEN PLACE
WEST HEMPSTEAD, NY 11552
516-652-1639 (Telephone)

MEMO ENDORSED

November 10, 2025

*The application is denied. This case is closed. If the Travelers Insurance Company documents are relevant to Plaintiff's state court proceeding, she should use the discovery mechanisms available in state court to obtain those materials.*

Via ECF/Email
Honorable Judge Paul G. GUARDEPHE
United States District Court
For the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Luisa Castagna Esposito vs. Willie Gary, et.al
Docket 18-CV-11245 (PGG), (OTW) [DE #244]

**SO ORDERED:**

*Paul S Gardep*

Paul G. Gardephe, U.S.D.J.

**Re:** *Esposito v. Gary, et al.*, Case No. 18-cv-11245 — Letter Motion to Modify    Dated: NOV 12 2025
**Protective Order (ECF No. 244)**

Dear Judge Gardephe:

I respectfully submit this letter motion seeking a modification of the

Protective Order entered at ECF No. 244, which governs discovery materials

produced by Travelers Insurance Company in this action.

I am the Plaintiff, *pro se*, in this federal case and also the Plaintiff, *pro se*, in a

related action pending in the Supreme Court of the State of New York, Nassau

County, titled *Esposito v. Allen H. Isaac,* Index No. 900010/2023, brought under

**New York's Adult Survivors Act**, in which I prevailed on appeal in the Appellate

Division, Second Department and the case is back at the trial court and pending.

The Travelers discovery materials produced here are directly relevant to the state

*Page 1 of 5*

action because Travelers has denied insurance coverage.

Additionally, this federal action is currently pending before the United States Court of Appeals for the Second Circuit, where I have raised issues concerning the denial of due process and the inability to fully present my case. Because the appeal remains unresolved, and because the state action involves the same underlying matters, it is critical that I be permitted to access necessary documents for discovery from Travelers. The requested modification ensures that I can fairly litigate the state action.

The documents by Travelers should include information concerning insurance coverage, common interest privilege logs, joint defense privilege logs, policy language, defense obligations, claims handling, and Travelers' knowledge of the insured—all of which are critical to determining coverage in the Nassau County action. Because the Protective Order prohibits use or disclosure of these materials outside this federal case, I am unable to present this evidence in the state action without a modification. Courts within the Second Circuit routinely grant modification where materials are needed in related litigation and confidentiality can be preserved. In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 147 (2d Cir. 1987); SEC v. TheStreet.com, 273 F.3d 222, 229–31 (2d Cir. 2001); Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2004). Absent modification, I would once again be denied a fair opportunity to plead my case.

*Page 2 of 5*

Furthermore, Travelers has opposed every effort to obtain these documents outside this action, despite their clear relevance. As a result, Travelers is using the Protective Order as a "sword and shield"—producing limited documents under STRICT protection in federal court while blocking their use in the state case where those privileged documents are necessary. The requested modification is needed. Judge Lisa A. Cairo has issued "so-ordered" Court Subpoenas, regarding all three of the insurance companies involved, Travelers, Chubb, and Philadelphia Indemnity Insurance Companies.

For these reasons, I respectfully request that the Court modify the Protective Order at ECF No. 244 to permit use of Travelers' discovery materials in the *Esposito v. Isaac*, Index No. 900010/2023. A proposed order is enclosed.

Respectfully submitted,

/s/ Luisa Castagna-Esposito
282 Garden Place
West Hempstead, NY 11552

## [PROPOSED] ORDER

Upon consideration of Plaintiff's Letter Motion to modify the Protective

Order entered at ECF No. 244, and for good cause shown, it is hereby ORDERED

that the Protective Order entered at ECF No. 244 is modified to permit Plaintiff,

Luisa Castagna-Esposito, to use and disclose the discovery materials produced by

Travelers Insurance Company in *Esposito v. Allen H. Isaac*, Index No.

900010/2023.

Dated: _____

New York, New York


_____

Hon. Paul G. Gardephe

United States District

## CERTIFICATE OF SERVICE

I, Luisa Castagna-Esposito, certify under penalty of perjury that on November 10,

2025, I served a true and correct copy of the Letter Motion to Modify Protective

Order and Proposed Order by filing through the Court's ECF system, which

automatically notifies counsel of record.

Dated: November 10, 2025
West Hempstead, NY 11552

Drummond & SQUILLACE PLLC.
Attorney's for Defendant Willie Gary
Stephen Drummond & Joanne Squillace, Esqs.
175-61 Hillside Avenue SUITE # 205
Jamaica, New York 11432

Christopher Chestnut
Defendant Pro-se
1201W. Peachtree St. Suite 2300
Atlanta, GA. 30309
christopherchestnut@gmail.com


I certify under penalty of perjury that the foregoing is true and correct.

**/s/Luisa Castagna-Esposito**
Plaintiff, Pro Se
282 Garden Place
West Hempstead, NY 11552
Cast39@aol.com