LUISA CASTAGNA-ESPOSITO
282 Garden Place
West Hempstead, NY 11552
(516) 652-1639 (cell)
cast39@aol.com

November 12, 2025

VIA ECF
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Esposito v. Gary, et al., 18-cv-11245 (PGG) (OTW)
    Reply in Support of Request to Modify Protective Order (ECF No. 244)

Dear Judge Gardephe:

I respectfully submit this reply to Travelers Indemnity Company's opposition (ECF No. 301) to my motion to modify the Protective Order. Travelers' submission misstates the purpose of the Protective Order, conceals their own discovery misconduct, and falsely portrays my lawful discovery requests as "harassment."

**1. Travelers has consistently blocked access to crucial discovery.** Travelers' opposition confirms the central problem: they have used the Protective Order and privilege claims to obstruct discovery that directly concerns their coordination with my former lawyers. For years, I sought disclosure of the common interest and joint defense communications between Travelers' attorneys and the defense counsel representing my former lawyers, including emails, correspondence, and privilege logs reflecting the extent of their cooperation.

Rather than produce the privilege logs or even describe the nature of these communications, Travelers repeatedly refused and accused me of "harassment." They now claim those materials "do not exist," yet simultaneously assert privilege over them. A party cannot have it both ways. If the documents truly do not exist,

there is no basis for privilege. If they do exist and are privileged, the privilege must be properly logged and asserted — not concealed indefinitely.

**2. The Protective Order was obtained to prevent scrutiny, not to protect confidentiality**. Travelers' response admits that the Protective Order was issued after I pressed for communications between their counsel and my former lawyers. In other words, it was used as a shield to prevent disclosure of potentially incriminating evidence — the very type of misuse courts have repeatedly condemned. See SEC v. TheStreet.com, 273 F.3d 222, 231 (2d Cir. 2001) (protective orders may not be used as both sword and shield).

The Protective Order was never intended to preclude legitimate discovery into whether my former lawyers and Travelers acted jointly to deny coverage or conceal settlement information. Travelers now uses it to hide behind an umbrella of "confidentiality" whenever these issues are raised — even in other proceedings.

**3. The Protective Order currently prevents use of materials necessary for related litigation**. Contrary to Travelers' claim that the Order "does not" bar use of documents in state court, Paragraph 3 explicitly prohibits use or disclosure "outside this action." Travelers has relied on that language to refuse compliance with a so-ordered subpoena in my Nassau County ASA action, claiming they are "not permitted" to disclose those same materials. Their own behavior proves that modification is essential.

**4. The motion is timely because the obstruction is ongoing.** Travelers argues the motion is "untimely" because the Protective Order was issued two years ago. But Travelers is invoking the Order now to block production in the ASA case. An order being abused in present-day proceedings can always be revisited. The ongoing prejudice to me constitutes "good cause" for modification under, In re Agent Orange Prod. Liab. Litig., 821 F.2d 139 (2d Cir. 1987).

**5. The withheld materials are not irrelevant; they go to collusion and misconduct. Travelers' claim that the discovery is "irrelevant" misstates the record**. The correspondence between Travelers, their attorneys, and my former counsel is directly relevant to:- how Travelers handled coverage decisions;- whether Travelers coordinated with my former lawyers under a "common interest" agreement;

- whether Travelers or counsel engaged in conduct to conceal or redirect settlement funds. Such communications may reveal whether Travelers paid settlement proceeds or legal fees connected to my case without my authorization. That information goes to the heart of both my ASA case and my appeal in this action.

6. Confidentiality will remain fully preserved. I am not requesting public disclosure or unsealing. All confidentiality terms will remain in place. I seek a modification that permits me to use existing materials in related litigation, and to pursue discovery that was previously obstructed under the guise of "privilege."

## Conclusion

Travelers has weaponized the Protective Order to conceal potentially fraudulent or improper communications and to deny me discovery into their coordination with my former attorneys. Their response misrepresents both the facts and the law. For the reasons stated above, I respectfully request that the Court grant my motion to modify the Protective Order, or in the alternative, conduct an "in camera" review of the Travelers claim files, privilege logs, and any withheld common-interest or joint-defense communications to determine whether Travelers' claims of privilege are valid.

Thank you for Your Honor's attention and consideration.

Respectfully submitted,

/s/ Luisa Castagna-Esposito
Plaintiff, Pro Se
282 Garden Place
West Hempstead, NY 11552
cast39@aol.com
(516) 652-1639

**MEMO ENDORSED:**

The application is denied. This case is closed. If the Travelers Insurance Company documents are relevant to plaintiff's state court proceeding, she should use the discovery mechanisms available in state court to obtain those materials.

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge

Dated: New York, New York
November 13, 2025